PARKYN v. TRAVIS ET UX.

1. **Practice:** COMMENCEMENT OF ACTION. An action is commenced when the notice is served upon the defendant, and not when it is placed in the hands of the officer for service.

2. **Pleading:** DEMURRER. Where, in an action to foreclose a mortgage, it was averred in the petition that upon default in payment of one of the notes the plaintiff elected that the whole sum secured by the mortgage should become due, it was *held* the averment was not assailable by demurrer.

*Appeal from Linn Circuit Court.*

WEDNESDAY, APRIL 9.

ACTION in equity to foreclose a mortgage which was given to secure two promissory notes. Said notes were executed on the 28th day of February, 1877—one due in five years

and the other due in ten years after date, payable to the order of plaintiff, with interest payable annually, at the rate of nine per cent per annum. Each of said notes contains a stipulation in these words: "And if the principal or interest of any of this series of notes remains due thirty days, then the whole series, at the option of the holders, shall become immediately due and payable."

The mortgage given to secure the payment of the notes contains the following stipulations: "And it is stipulated and agreed that in the event of failure to pay any of said money, either principal or interest, within thirty days after the same becomes due, or a failure to perform or comply with any of the foregoing conditions or agreements, the whole sum of money herein secured shall become due and collectible at the option of the holder, and this mortgage may thereupon be foreclosed immediately for the whole of said money, interest and costs."

On the 1st day of April, 1878, the plaintiff delivered an original notice to the sheriff, which was served on the defendants on the 3d day of the same month. Said notice stated the petition would be filed on or before May 22, 1878, and also a clause in these words: "The said plaintiff having elected that the whole sum of money secured by the said notes and mortgage be now due and collectible."

The petition was filed on the 21st day of May, 1878. It contains this averment: "More than thirty days have elapsed since the interest on both of the said notes became due and payable, the said interest being due and payable on the 28th day of February, 1878, to-wit: the sum of three hundred and fifteen dollars; that plaintiff has elected and does elect that the whole sum of money secured by the said notes and mortgage be due and payable; that the sum of three thousand five hundred dollars, with interest thereon at the rate of nine per cent per annum, from February 28, 1877, and interest at the rate of nine per cent per annum on three hundred and

fifteen dollars, from February 28, 1878, is now due on the said notes and mortgage."

The defendants demurred to the petition, on the ground that the facts therein stated did not entitle the plaintiff to the relief demanded.

The demurrer was overruled. The defendants failed to plead further, and judgment and decree of foreclosure were rendered for the plaintiff. Defendants appeal.

*Blake & Hormel,* for appellants.

*I. N. Whittam,* for appellee.

ROTHROCK, J.—I.   It is urged by counsel for appellant that the action was commenced on the 1st day of April, 1878,

.1. PRACTICE: commencement of action.  when the original notice was delivered to the sheriff, and there was no default in the payment of interest until thirty days from February 28th, and three days of grace, which would not terminate till April 2d.

Conceding that, under the peculiar language contained in the notes and mortgage in this case, the defendants were entitled to days of grace in the payment of interest—a point which we do not determine—still we think the action was not prematurely commenced.   Section 2532 of the Code provides that the delivery of the original notice to the sheriff, with intent that it be served immediately, is a commencement of the action.   This time is evidently fixed for the purpose of determining the rights of the parties under the statute of limitations.   Section 2599 contains the general provision as to what is the commencement of an action.   It provides that "actions shall be commenced by serving the defendant with a notice signed by the plaintiff or his attorney," etc.   The notice in this action was served April 3, 1878.   This would be after the expiration of the days of grace, if defendants were entitled to that time.

II. It is next urged that a notice of election should have been given before suit to foreclose for the whole amount can be maintained. Whether such notice was necessary we need not determine. It is sufficient to say that it is averred in the petition that plaintiff had elected that the whole sum secured by the mortgage should be due. If an election were necessary this averment might have been vulnerable to a motion for a more specific statement, requiring plaintiff to set out particularly how he had made such election, or the averment of an election might have been denied by answer. But a demurrer will not lie for this reason.

*2. PLEADING: demurrer.*

III. The notes and mortgage provided that defendants would pay a reasonable attorney's fee if collected by an attorney. Complaint is made that the fee allowed is unreasonable. The record before us does not disclose upon what evidence the court made the allowance of the fee. In the absence of an affirmative showing that the fee allowed was unreasonable, we must presume that the finding of the court was correct.

AFFIRMED.