## PROSKA v. McCORMICK.

1. **Action:** TIME OF COMMENCEMENT: SERVICE OF NOTICE. It is only for the purposes of the statute of limitations that the delivery of an original notice to the sheriff for service constitutes the commencement of an action; for all other purposes the commencement of the action dates from the actual service of the notice.

*Appeal from Chickasaw Circuit Court.*

TUESDAY, JUNE 14.

THIS action was brought upon a written instrument of which the following is a copy:

" SEPTEMBER 8TH, 1879.

"We are hereby bound in the penal sum of $270.00 to make John Proska's McCormick Binder do good work at any time he will give our agent notice during the harvest of 1880. The aforesaid sum to be paid by refunding to the said Proska his promissory notes for that amount, made by him to us this day. In consideration of said refunding he is to return to us the said binder, and if suit be not begun on this contract by October 1st., 1880, its conditions are thereby acknowledged fulfilled.          C. H. & L. J. McCORMICK,
                              per J. F. WOOLSEY."

It is averred in the petition that the machine did not work well, and that the defendants' agent, upon notice given, undertook to make it do good work, and failed to do so, and that by reason of such failure the plaintiff tendered the machine to the defendants, and demanded his notes, which they refused to deliver to him. Judgment was demanded for $270 and costs.

Among other defenses, the defendants averred that by the terms of said contract it was provided that if suit was not brought thereon by October 1, 1880, the contract was to be regarded as fulfilled, and that no notice of the bringing of the action was served upon defendants until October 8, 1880.

There was a trial by jury. Pending the trial, it was stipulated by the parties that the original notice in the cause was placed in the hands of the sheriff for service on the 27th day of September, 1880, and that it was served on the 8th day of October, 1880. The court thereupon took said cause from the jury, and rendered a judgment against the plaintiff for costs. Plaintiff appeals.

*W. J. Springer*, for appellant.

*Potter & Ronayne*, for appellees.

ROTHROCK, J.—The sole question presented by this appeal is, was the suit begun by the first of October, 1880.

Counsel for appellant relies upon Code, section 2532, which is as follows: "The delivery of the original notice to the sher-

1. ACTION: time of commencement: service of notice.

iff of the proper county, with intent that it be served immediately, which intent shall be presumed, unless the contrary appears, or the actual service of the notice by another person, is a commencement of the action."

This section of the statute is found in the chapter on the limitation of actions, and in *Parkyn v. Travis*, 50 Iowa, 436, we held that the time thus fixed as the commencement of an action had reference merely to the rights of the parties under the statute of limitations, and that section 2599 contains the general provision as to what is the commencement of an action. That section provides that "actions shall be commenced by serving the defendant with a notice signed by the plaintiff or his attorney, etc." It appears to us that the ruling in that case is conclusive of the question presented in this, and that the action was not commenced within the time named in the contract.

Counsel further relies upon *Pitkin v. Boyd*, 4 G. Greene, 255; *Nuckols v. Mitchell*, Id., 432; and *Elliott v. Stevens & Co.*, 10 Iowa, 418. These were all attachment suits, and the writs of attachment were levied before, or simultaneously with,

the service of the original notice.    It was held that the writs should not be dissolved, because the attachments were not prematurely levied, under section 1846 of. the Code of 1851, which provided for an attachment at the commencement of the action. The question as to what was the commencement of a purely personal action was not presented in those cases, nor does it appear that any statute like section 2599 of the Code was under consideration.    In attachment proceedings, the filing of the petition authorizes the issuance of the writ.    It does not depend upon the service of the original notice, and it may well be said that where the petition has been filed the writ issues at the commencement of the action.

We think this action was not commenced by October 1, 1880, and that the time thus fixed in the contract was a stipulation as to what should be conclusive evidence that its conditions had been performed.

AFFIRMED.