MARY J. LITTLEJOHN, Appellant, v. GEORGE A. BULLES ET AL.

GEORGE A. BULLES v. MARY J. LITTLEJOHN ET AL.

**Commencement of actions:** SERVICE OF NOTICE: ABATEMENT. Service of notice by publication is not complete until the last publication is made; so that where another action is instituted between the same parties involving the same subject matter, and there is a personal service of the notice prior to the last publication in the other action, it becomes the first action pending and may be pleaded in abatement of the one instituted by publication.

*Appeal from Floyd District Court.*— HON. J. F. CLYDE, Judge.

TUESDAY, NOVEMBER 12, 1907.

THESE two actions for partition of the same property involving the rights of the same parties with reference thereto were tried together in the district court, each being pleaded in the other by way of abatement as a prior action pending. The plea in abatement was sustained in the first action and overruled in the second. Mary J. Littlejohn, who was plaintiff in the first action and one of the defendants in the second, appeals. *Affirmed.*

*A. H. Reid, R. E. Smith* and *Ellis & Ellis,* for appellant.

*P. W. Burr* and *G. E. Marsh,* for appellees.

McCLAIN, J.— The first action was commenced by serving notice by publication, such manner of service being authorized by Code, section 3534, and the last publication was made on the 15th day of December, 1905.     The petition was filed on the same day.     But on the 7th day of December, 1905, the petition in the second case was filed, and notice thereof was personally served upon the defendants in the State of Wisconsin.     By proper pleas in abatement, the contention was made in each case that the other was already pending, and the sole question for our determination is whether the completed service in the first case related back to the time when the affidavit for publication was filed and the first publication made, for only on that theory can appellant claim that the first of these actions was pending when the second was commenced by the service of notice.

By Code, section 3514, it is provided that " an action in a court of record shall be commenced by serving the defendant with a notice," etc.     A defendant served by publication is required " to appear as if personally served on the day of the last publication."     Code, section 3536.     Personal service on a nonresident is a substitute for publication of notice.     Code, section 3537.     Under these provisions, it would seem to be clear that, when the notice was served on the nonresident defendants in the second case, the first of these actions had not been commenced, for at that time there was no such service in the first as required an appearance by the defendants.     If nothing further had been done in the first of these actions after service of notice in the second, then the first action could never have become an action pending, for it would not have been commenced.     This it seems to us disposes of the argument on behalf of appellant that the notice in her action when service was finally completed by the last publication related back to the time when the first steps toward securing notice were taken.     It might with equal reason

be argued that commencement of the action in case of actual service of notice should relate back to the time when the notice was placed in the hands of the sheriff, with the intention that it be immediately served, and yet it is well settled that for all purposes, save the avoidance of the bar of the statute of limitations as to which there is different provision (see Code, section 3450), the action is to be deemed commenced only when the notice is in fact served. *Parkyn v. Travis,* 50 Iowa, 436; *Proska v. McCormick,* 56 Iowa, 318; *Hawley v. Griffin,* 121 Iowa, 667. There is no reason, so far as we can see, why the plain language of the statutory provision should not be applied in determining the controversy which has been presented. The plaintiff was aware when she filed her affidavit for service by publication that appellees were preparing to institute a proceeding by partition in which the rights of all parties could be adjudicated, and there was no bad faith therefore on the part of appellee, Bulles, in instituting his action, although he knew that appellant was attempting to institute a similar action by publication of notice. The conclusion which we have reached on the merits of the appeal makes it unnecessary to rule on a motion by appellees that the appeal be dismissed.

The judgment of the trial court is therefore *affirmed.*