JOHN BOONE, Appellant, v. EMALINE BOONE, et al.,

EMALINE BOONE v. JOHN W. BOONE, et al., Appellants.

**Appeal:** WAIVER OF RIGHT: PAYMENT OF COSTS. Payment of the
1    costs of an action is not a waiver of the right of appeal from any
     of the other issues of law or fact involved in the judgment.

**Actions:** ABATEMENT. Under the statute an action is commenced by the
2    service of an original notice, and is pending from that time and not
     from the date of delivery of the notice to the sheriff; so that where
     two actions of partition were instituted between the same parties
     and to determine the same rights, the one in which the notice was
     first served was the one first pending, and should be continued and
     the other abated.

**Partition:** PARTIES. While the spouse of a tenant in common may
3    be joined as a party to an action of partition, such joinder is not
     essential to the jurisdiction of the court to proceed and order
     a sale.

**Actions:** ABATEMENT: DELAY IN SERVING NOTICE: EFFECT. Where
4    two actions are brought by the same parties to determine the
     same issues, the court will not inquire, for the purpose of determin-
     ing which action should be given preference, whether the sheriff
     wrongfully delayed serving one of the notices to give the other
     action preference; as the aggrieved party has a right of action
     against the sheriff for breach of official duty.

**Same:** TIME OF SERVICE OF NOTICE: PRESUMPTION: BURDEN OF PROOF.
5    Where service is made in separate actions on the same day for the
     partition of the same land, there is no presumption that the sheriff
     served first the one he received first, in the absence of evidence on
     the subject; and where the actions were tried together a plea in
     abatement was not established in either case, as the burden is upon
     the party making the plea to prove it.

**Same:** JUDGMENT: DISCRETION. Where two actions in partition were
6    begun on the same day and tried together, and in each the pendency
     of the other was pleaded in abatement, it was within the discre-
     tion of the court in which action he would enter the decree.

*Appeal from Dallas District Court.*—HON. W. H. FAHEY,
Judge.

FRIDAY, OCTOBER 25, 1912.

THE opinion states the case.—*Affirmed.*

*Parsons & Mills,* and *Burton & Russell,* for appellant.

*Clarke & White,* for appellees.

WEAVER, J.—The two actions consolidated herein were
each instituted for the partition of the same lands. All
parties claim under the will of Joshua Boone, deceased.
There is no dispute whatever as to the interests or shares
of the several parties. The simple controversy in the court
below was over the question which action was first instituted;
the defendants in each instance pleading in abatement the
pendency of another suit. The cases were consolidated for
trial. Upon hearing all the testimony a decree for the parti-
tion of the lands was entered in the case last above entitled.
It was further ordered that the action first above entitled to be
abated and dismissed and judgment therein be rendered
against the plaintiff for costs in the sum of $156.45. John
W. Boone has appealed from that decree, or that part
thereof which he specifies in his notice to be ''the final decree
and judgment in the district court abating and dismissing
plaintiff's action.''

I. In this court the appellees have filed a motion to
dismiss the appeal on the ground that since the rendition of
the judgment below plaintiff has voluntarily complied there-
with by paying and discharging the judg-
ment entered against him. In support of this
motion a transcript of the record in said
cause is submitted, showing that on January 15, 1912, the
plaintiff, John W. Boone, paid to the clerk the sum of

1. APPEAL:
waiver of
right: pay-
ment of costs.

$156.45, "in full satisfaction of this judgment for costs."
Appellant admits his payment of the costs, but resists this
motion to dismiss because: First, the payment of costs in
an action begun by himself is in no sense a performance of
or acquiescence in the judgment appealed from; and, second,
that under our statute (Code, sections 4113, 4114) an appeal
may be taken from one part of a decree while submitting to
other parts thereof, and that in pursuance of that right he
confined that appeal to the single provision of the decree
which abates his action in favor of the one brought by the
other party.

We are disposed to hold with the appellant on this prop-
osition. The great weight of authority in other states is to
the effect that a party against whom a judgment has been
entered may pay the same without waiving his right to appeal.
This court has given adherence to the narrower rule which
makes such payment a waiver unless it has been made under
duress or threatened confiscation of property. But, so far as
we now recall, no precedent among our decisions goes to the
extent of holding that a payment of costs taxed against a
party to litigation is a waiver of his right to have reviewed
upon appeal any one or more of the issues which the trial
court has determined. Actions are not brought simply to
recover the costs which may accrue in the course of the pro-
ceedings. The taxation of costs is a mere incident to the real
controversy, and within certain limits is a matter of the
court's discretion. Costs remain a personal charge or demand
against the party by whom they are made, notwithstanding
judgment therefor has been entered against the opposing
party. If a defeated party thinks the matter of costs taxed
against him of too trifling moment to quarrel over and pays
them to rid himself of annoyance, we discover no good reason
why he may not still prosecute an appeal for the protection
of the larger interests involved in a particular issue of law or
fact. *State v. Martland,* 71 Iowa, 545. See, also, *Brinkerhoff
v. Elliott,* 43 Mo. App. 185; *Champion v. Plymouth,* 42 Barb.

(N. Y.) 441; *Bruce v. Smith*, 44 Ind. 1; *Woodward v. State*, 58 Neb. 598 (79 N. W. 164). The statute which permits an appeal from a part of a judgment or decree carries with it the clear implication that he who avails himself of that right and appeals from a distinct part of an adjudication against him may conform to all other parts thereof without waiving his appeal. The motion to dismiss is overruled.

II. Turning now to the issues raised by the pleas in abatement, the facts seem to be as follows: Upon the death of Joshua Boone, Mr. John W. Boone, one of the devisees entitled to share in the land, employed counsel, Messrs. Russel, Mills, and Perry, to look

2. ACTIONS: abatement.

after and protect his interests. About the same time Mrs. Emaline Boone, another devisee, sought counsel of the firm of White & Clark. For a time there was some hope or expectation that an amicable partition of the property could be arranged and thus avoid the delay and expense of partition by action in court. The negotiations seeming to be unproductive of results, counsel for John W. Boone advised the beginning of partition proceedings and prepared a petition for that purpose. This petition was filed April 26, 1911, and on the following day an original notice therein was placed in the hands of the deputy sheriff, Thornton, for service. The notice being of unusual length and many copies being required, it was delivered to one Alexander for the purpose of having the copies typewritten. Whether this was done on the deputy's own motion or at the direction of counsel is a matter of dispute, but we think the fact is not of material importance. It appears, however, that the copies were not made and returned to the deputy until a day or two later. Service of this notice was made on several defendants at different dates beginning May 1st and ending May 27, 1911. While this was going on, something else was also happening. One of the counsel for Emaline Boone discovered the filing of the petition to which we have referred and immediately busied himself in bringing an action of the

same nature on behalf of his client. Original notice thereof was prepared notifying the defendants therein named that the petition would be on file on or before May 5, 1911, and this notice, with an urgent request for immediate service, was on April 28, 1911, placed in the hands of the sheriff, Ross, who on the same evening served it on all the heirs and devisees entitled to share in the estate except one on whom service was completed May 10, 1911. The petition was filed May 3, 1911. There was another petition later filed to cure certain record defects in title and naming other defendants, but it appears to cut no figure in the dispute with which we have to deal. The net result of a review of the facts is that the petition in John W. Boone's case was first filed and the original notice therein was first placed in the hands of the sheriff or his deputy, but service of the original notice in the other case was first accomplished. Conceding, as we must, the truth of this statement, we have to enquire which plaintiff is entitled to insist that his action shall have preference and the other be abated.

It is, of course, an elementary proposition that the court will not entertain at the same time two or more suits between the same parties for the settlement of the same identical right or liability, and, where such duplication or multiplication of cases is made to appear, the one which was first pending will be given preference and all others abated. Observing this conceded rule, we have first to consider and say from what date, under the practice obtaining in this state, may an action be described as "pending"? An action must, we think, be said to be pending at all times from the date of its institution or beginning until it has been adjudicated or dismissed or has been otherwise finally disposed of. In other words, when an action has once been begun, it is thereafter a "pending" action until its final disposition. What shall constitute the beginning of an action is, of course, a matter subject to regulation by statute, and our practice act is not without provision on that subject. Turning to Code, section

3514, we find the following: "Action in a court of record shall be commenced by serving the defendant with a notice," etc. Under this provision this court has held that, except for the purpose of avoiding a plea of the statute of limitations (concerning which there is a special provision in Code, section 3450), an action is not begun by delivering a notice to the sheriff, but by service of notice actually obtained. *Parkyn v. Travis,* 50 Iowa, 436; *Proska v. McCormick,* 56 Iowa, 318; *Littlejohn v. Bulles,* 136 Iowa, 150.

It follows, we think, that in this case John W. Boone's action was not pending until he secured service of notice upon the defendants entitled to share in the land, which seems not to have been accomplished until May 27, 1911, and that on said date the other action was already begun and pending upon service completed on May 10, 1911. Even if the claim were tenable that the action was pending as soon as one or more defendants were served, appellant's action was anticipated by the earlier partial service of the notice in the action brought by Emaline Boone. The fact that the petition in the John W. Boone case was first filed is not a decisive consideration. Both petitions were filed in time, and the court in each case acquired jurisdiction of the parties in interest from the date of completed service of notice without reference to the comparative dates of filing the respective petitions. We find no authority in the statute or decisions which makes the presence of a petition on file essential to the pendency of an action in which notice has been duly served. The same statute which makes the service of notice the beginning of an action provides for filing petition at a later date.

It is argued in behalf of appellant that the spouse of each married heir or devisee was a necessary party to the proceedings, but in no way named or brought into the action begun by Emaline Boone. The point is not well taken. While it is a frequent and proper practice to join the spouse of a tenant in common as a party

3. PARTITION: parties.

in partition proceedings, it is well settled that such joinder is not essential to the jurisdiction of the court to proceed to a decree and sale. *Williams v. Wescott*, 77 Iowa, 342. Such also appears to be the implication in Code, section 4243, which provides that persons having contingent interests in the property may be made parties and their rights be protected by appropriate restrictions in the decree. See, also, *Haggerty v. Wagner*, 148 Ind. 625 (48 N. E. 366, 39 L. R. A. 384); *Lee v. Lindell*, 22 Mo. 202 (64 Am. Dec. 262); *Davis v. Lang*, 153 Ill. 175 (38 N. E. 635).

Such being our view of the law, affirmance of the decree below must follow, unless we are·to say that by neglect or collusion of the sheriff the notices were not served in the order of their receipt, and that this derelic-

4. ACTIONS: abatement: delay in serving notice: effect.

tion of duty on his part should affect our decision of the question we have been considering. There is much in the record to indicate that service of notice in appellee's case was hastened to give it precedence over service in appellant's case, and possibly that the sheriff was complaisantly blind to the existence of the other notice in the hands of his deputy until that end had been accomplished. But that is a question we need not discuss. The order in which the service was in fact made and the suits instituted is shown beyond reasonable doubt, and we think the court ought not and cannot undertake any inquiry into the motive actuating the officer as affecting the validity and effectiveness of the service. If he in any respect violates his duty toward either party and damage arises therefrom, he may perhaps be liable to the person so injured, but it would not do to say that the jurisdiction of the court acquired by regular service of notice or writ may be divested or displaced because of the partiality or unfairness of the officer serving it.

In conclusion it may not be inappropriate to say that the statute providing for the assessment of attorney's fees in uncontested partition cases to be taxed as costs payable

out of the property, while just in theory and usually fair in practice, not infrequently gives rise to races or contests for first place between counsel for different parties in interest —a scramble in which one loses the prize, and usually both lose dignity and temper, while the clients of neither gain the slightest advantage or profit thereby. See *Guinn v. Elliott,* 123 Iowa, 179; *Littlejohn v. Bulles,* 136 Iowa, 150. This case adds another to that list which, without reflection upon parties or counsel, we suggest ought not to be enlarged.

For reasons already indicated, the judgment of the district court is *Affirmed.*

------

*Supplemental Opinion.*

TUESDAY, JUNE 3, 1913.

PER CURIAM.—Owing to a mistake of fact in the opinion heretofore filed a rehearing was ordered for that upon correction it was thought that possibly a different conclusion might result. It is said in that opinion that in the action begun by John W. Boone, service of the original notice was completed May 27, 1911. It was in fact completed on the 10th of that month by personal service on Hattie Freese, a daughter of the testator, and service of the original notice in the suit of Emaline Boone was had on her the same day. On all the other parties to the respective actions for partition notices were served several days previous. The original notice in the action begun by John W. Boone had been placed in the hands of the sheriff of Clayton county for service on Hattie Freese May 5, 1911, and that in the case begun by Emaline Boone was placed in his hands on May 8th, previous, but both were served on the same day and the record is without evidence as to which was served first.

Appellant contends that the notice first received by the sheriff is presumed to have been first served, but as both

5. SAME: time of service of notice: presumption: burden of proof.

notices were in his possession at the same time and his duty was to serve both immediately, we are of opinion that the facts do not justify an inference as to which was first served.

The record then fails to show which of the two actions was first begun. They were tried together and as the plea in abatement is dilatory and must be strictly proven, and as the burden of proof is on the party making the plea to establish it, this defense was established in neither case. See *Fowler v. Byrd*, Fed. Cas. No. 4999a.

This being so, the court could not be said to have erred in entering the decree in either action. Determining in which to grant relief was purely a matter of discretion and, as

6. SAME: judgment: discretion.

there were some discrepancies in the description of the land in the petition filed by John W. Boone, which were corrected after the service of the notices by an amendment thereto, doubtless the court chose to enter the decree in the action begun by Emaline Boone, and having done so, there was no course to pursue other than to enter a dismissal in the suit begun by John W. Boone on the ground that relief had been granted.

The opinion heretofore filed is adhered to and reinstated as the same conclusion is reached though on a different ground.—*Affirmed.*