FRANCES E. WRAY, Appellant, v. HENRY A. WRAY, et al., LESTER L. STONER, Appellee.

**Partition:** ABATEMENT OF ACTIONS. Where two partition actions involving the same parties and the same land are pending at the same time, preference will be given to the one first commenced and the other will be abated.

**Same:** WHEN ACTION DEEMED COMMENCED. An action is not pending so as to be a bar to another suit until there has been completed service on all the necessary parties.

**Same:** SERVICE OF NOTICE: DATE OF SERVICE: PAROL EVIDENCE. The acceptance of service of an original notice without date is insufficient and does not constitute the commencement of the action, as to another defendant not accepting service, and not served until he had begun a like action in partition and had secured completed service on all the parties; and parol evidence as to the date of service was not admissible against him under his plea in abatement of the first action.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

THURSDAY, MARCH 20, 1913.

Two actions for partition were brought, involving the same property and between the same parties. One of the defendants in the action first filed, who was plaintiff in the second, interposed a plea in abatement. The first action was abated, and plaintiff appeals.—*Affirmed.*

*O. A. Byington,* for appellant.

*Henry G. Walker,* for appellee.

PRESTON, J.—In the action brought by plaintiff, appellant, and which was the first filed, the petition was filed December 7, 1911, and on the same day an original notice was placed in the hands of the sheriff, which was served on Lester L. Stoner, Gertrude Stoner, and Richard Stoner on December 19, 1911. The other eleven defendants accepted service in the following manner: "We hereby accept due and legal service of the above notice for the February, 1912, term of Johnson county district court, and waive copy." In the second case the petition was filed December 15, 1911, and some of the defendants were served December 13, 1911, others December 14, 1911, and the remainder on December 18, 1911. On February 8, 1912, the defendant in the first-named case, Lester L. Stoner, filed his answer in said cause, as follows: "Comes now Lester L. Stoner, defendant above, and for answer to plaintiff's petition states that at the time of the commencement of the above cause of action, to wit, December 19, 1911, there was another action pending between the same parties for the same cause, to wit, cause No. 17,016, Lester L. Stoner v. Frances E. Wray et al. Wherefore he prays that the cause of Frances E. Wray v. Henry A. Wray et al. be abated and dismissed at the plaintiff's costs." A trial was had on the plea in abatement, and on March 9, 1912, the court found that the case of Stoner v. Wray was legally commenced and pending prior to the case of Frances E. Wray v. Henry A.

Wray et al., and abated the case last named. The plaintiff has appealed.

I.   This controversy seems to be one over attorney's fees; at least, no contested issue has appeared so far. Occasionally the race for the compensation fixed by law in partition cases results in the loss of dignity, without any

1. PARTITION: abatement of actions.

advantage to the clients. By this we do not intend any reflection upon either attorney, for fees are the sinews of war to the lawyer. These two cases could not proceed at the same time, as the decree in one would constitute a bar in the other. One should abate. *Elliott v. Guinn,* 123 Iowa, 179. It must be conceded that the one which was first pending will be given preference, and the other abated. An action is pending from the time it is commenced, until finally disposed of. For some purposes an action is commenced when the original notice is placed in the hands of the sheriff for service. Code, section 3450. This applies to the limitation of actions.

Code, section 3514, provides that an action in a court of record is commenced by serving defendant with a notice. Under this section it has been held that an action is begun by service of notice actually obtained. *Parkyn*

2. SAME: when action deemed commenced.

*v. Travis,* 50 Iowa, 436; *Proska v. McCormick,* 56 Iowa, 318; *Littlejohn v. Bulles,* 136 Iowa, 150. See, also, 1 Cyc. pages 23 and 24. In the case at bar appellant's suit was not pending until she had completed service on all necessary parties. This was not done until December 19, 1911. In Stoner's case the notice was complete and his action pending on December 18, 1911.

II.   It is contended by appellee that the acceptance of service in the case first filed is invalid, for the reason that it is not dated. The statute (section 3518) provides: ''The notice shall be served as follows: . . . 3.

3. SAME: service of notice: date of service: parol evidence.

By taking an acknowledgment of the service indorsed thereon, *dated* and signed by the defendant.'' Over appellee's objection, appellant attempted to show by one of the defendants in her case that

the acceptance was in fact signed by him on December 7th or 8th. This witness testified that his brother Jesse signed it the day before; but, when asked to give the date when his other brothers and sisters and their wives and husbands signed, he gave no date. He did not see his brother George sign it. He says further: "I am not certain whether I sent it to George or mother and Beulah in Humboldt county, and instructed them to send it on to Eddie and his wife and return it." This evidence was all objected to by appellee, on the theory that it is not competent to supply the date by parol evidence. Even though such evidence is permissible, still as to a number of the defendants so accepting service there is no showing as to when they did acknowledge service. Under our holding, before appellant's case can have preference, it must appear that all defendants in appellant's case have been served, or had acknowledged service, and that such service was complete on all defendants, before appellee had completed service in his case. The effect of the failure to date the acknowledgment of service has not been decided by this court, so far as we are advised. We are not passing upon the question of what the effect would be if a default and judgment should be rendered on such an acceptance of service, or whether such a default, if rendered, should be set aside. As to the parties who accepted service on this notice, it would perhaps amount to a waiver of time, and an appearance.

The question here is: Which party has completed service first, and what are the rights of a party who has commenced another action? In *Hakes v. Shupe,* 27 Iowa, 465, the notice was served by an officer, but the return did not state the time when it was served. Default and judgment was rendered, but, on motion of defendants, was set aside, and this court said that the return was defective, in that it failed to state one of the three facts which the statute says it must state, to wit, the time of service, and that the only safe rule, in cases where jurisdiction depends upon the process, is to require a strict observance of the statute. And in *Diltz v. Chambers,* 2 G.

Greene, 479, under a statute which required the officer to state the contents of the notice to the defendant, the court said: "This is a plain statutory requirement. It requires the officer to do two things, both of which are necessary to constitute the service, to wit, leaving a copy with some member of the family . . . and stating the contents of the summons to said person. If either of these is neglected, the service is not complete. Stating the contents is as essentially a part of the service as leaving the copy. Neither can be dispensed with." The language there used is pertinent to the matter now under consideration. In *Manion v. Brady,* 158 Iowa, 306, we find this language: "The record must show that the statutory requirements as to notice have been complied with, and parol testimony to show matters that should appear of record is inadmissible." That was a case, however, where the question of notice by publication was under consideration; but, as to the matter now before us, the statute expressly requires that the acknowledgment shall be dated, and so far as the performance of the statutory requirements are concerned in this respect we see no distinction.

We hold that the acknowledgment of service of the notice in this case, under the circumstances here shown, is of no validity as against Stoner, the plaintiff in another action, and that as to him parol evidence is not admissible to show the date; but we are not prepared to say that such an acceptance is void, or that in no case would parol evidence be admissible to show the date. Our conclusion is that, for the reasons pointed out, appellant has not shown that her action was pending before Stoner's case.

The action of the trial court is *Affirmed.*