CHARLES M. FRAHM, Appellant, v. W. H. SEAMAN et al., Appellees.

**DESCENT AND DISTRIBUTION:** Surviving Spouse—Dower and
1 Curtesy—Judicial Sale. A disclaimer by the owner of an estate *per autre vie* of all interest in the estate, followed by a judicial sale of the premises under partition proceedings, and a distribution of the proceeds among the remaindermen, effectually extinguishes such estate, and consequently all contingent interest of dower or curtesy in the surviving spouse of the former owner of such estate, even though such spouse, holder of such contingent interest, *was not a party to the partition proceeding.* Sec. 3366, Code, 1897.

**DESCENT AND DISTRIBUTION:** Surviving Spouse—Estates Per
2 Autre Vie—Dower and Curtesy. Whether an estate during the life of another (estate *per autre vie*) is a "legal or equitable" estate, with the meaning of our so-called dower and curtesy statute (Sec. 3366, Code, 1897), *quaere.*

**PARTITION:** Parties Defendant—Holder of Contingent Dower. A
3 husband who holds a contingent or possible curtesy interest in lands in which the wife has an interest, as owner *per autre vie*, is not a necessary party defendant in partition of the land by remaindermen.

*Appeal from Scott District Court.*—A. P. BARKER, Judge.

TUESDAY, SEPTEMBER 26, 1916.

REHEARING DENIED MONDAY, JANUARY 22, 1917.

ACTION in equity to establish and confirm plaintiff's alleged interest in certain real property. Petition dismissed, and plaintiff appeals.—*Affirmed.*

*Theunen & Shorey,* for appellant.

*L. M. Fisher,* for appellee.

WEAVER, J.—The undisputed facts, so

**1. DESCENT AND DISTRIBUTION: surviving spouse: dower and curtesy: judicial sale.** far as material upon this appeal, are as follows: On January 4, 1897, Catherine Frahm, owner in fee of the property in question, died testate. By the terms of the will, which was duly probated, the testatrix devised this property to the plaintiff for life, with remainder over to such of his children as should live to reach the age of 21 years. Soon thereafter, plaintiff mortgaged his right and interest so acquired, to secure the payment of an indebtedness to one Suhr. In the year 1900, Ida Frahm, wife of the plaintiff, brought suit against him for a limited divorce or separate maintenance, and a decree was rendered therein in her favor, awarding and setting off to her, "absolutely and in her own right," all the right, title and interest of her said husband in said property, "the same being a life estate, together with rents and income, accrued and to accrue." This decree appears never to have been set aside, vacated or reversed. In the year 1901, two of the children of the plaintiff, having arrived at the age of 21 years, brought suit for a partition of the property, naming the said Ida Frahm and others as defendants, but not including therein Charles M. Frahm, plaintiff in the present action. Ida Frahm appeared to said proceeding and, in consideration of an agreement by plaintiffs therein to pay off the mortgage to Suhr, entered of record her surrender and disclaimer of further right or interest, declaring, among other things, as follows:

"I, Ida Frahm, do hereby quitclaim and surrender unto the said plaintiffs all my right, title, and interest in and to the said land, to wit: SE ¼ of NE ¼ and E ½ of SE ¼ of Sec. 3, and NE ¼ of NE ¼ of Sec. 10, all in Twp. 79 North, of Range 2 East of the 5th. P. M., and I disclaim having any further interest therein, and I consent that the said plaintiffs may have decree and judgment in said suit as

prayed for in their petition, and as may be deemed just and proper by the court."

Said action resulted in a decree establishing and· confirming the full ownership of the lands in the ·children of the said Charles M. Frahm. It was also found that a division of the property in kind or parcels could not be made without impairing its value, and it was therefore decreed that the same be sold at public sale, and proper distribution be made of the proceeds. Pursuant to said decree, the land was put up for sale and sold to the defendant herein, W. H. Seaman. The deed was approved and the consideration duly paid, and the purchase money has been duly distributed in accordance with the ruling of the district court. In the year 1912, Ida Frahm, the wife of the plaintiff herein, died; and thereafter he brought this action claiming that, notwithstanding the decree in the divorce proceedings awarding to his wife the life estate of which he was possessed, and notwithstanding the partition proceedings and sale of the property as aforesaid, he is entitled, as the surviving husband of Ida Frahm, to the statutory share of one third in such life estate. The trial court found against this contention, and dismissed the suit at plaintiff's cost. In support of the demand for a reversal, it is argued that the devise of the property to plaintiff for life, and the subsequent decree in the divorce proceedings awarding it to his wife for her separate· maintenance, had the effect to vest her with the estate for the term of his natural life; and that, upon her death, he became, as her surviving husband, reinvested with the title to one third of such estate, under the terms of our statute, Code Section 3366. The statute cited provides that, upon the death of a married person, one third in value of all the legal or equitable estates in real property possessed by the deceased at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the surviving spouse has made

no relinquishment of right, shall be set apart as his or her property in fee simple. Applying this provision, it is said that an estate in real property for the life of another, or, to use the book phrase, an "estate *per autre vie,*" is a legal or equitable estate, within the meaning of the act, and, while the decree for separate maintenance had the effect to divest plaintiff of his life estate and vest it in Ida Frahm, the necessary result was to reinvest him with the contingent right to a share therein in the event that he outlived her, an event which has in fact taken place.

2. Descent and distribution: surviving spouse: estates per autre vie: dower and curtesy. Whether an estate *per autre vie* in real property is a legal or equitable estate, within the meaning of our statute above cited, is a question upon which this court has had no occasion to pass. It is perhaps doubtful whether, under the statute, the character or quality of the estate in which the surviving spouse takes a right in the nature of dower or curtesy or distribution is materially different than it was at common law; but, under the admitted circumstances of this particular case, we are not required to determine that question. It may be said, however, that at common law an estate *per autre vie* was not heritable nor subject to dower or curtesy (2 Blackstone's Com. 259; 1 Wash. Real Prop., star page 93; Tiedeman's Real Property, Sec. 61; *Folwell v. Folwell,* [N. J.] 56 Atl. 117). By the English Statute of Frauds, 29 Car. II, such estates were made devisable by the tenant, and, in the absence of a devise, they were to be treated as personal assets going to the administrators or executors of the tenant. The holdings in this country upon the proposition are not uniform. See last

3. Partition: parties defendant: holder of contingent dower. note to Tiedeman's Real Property, Sec. 61. But for the purpose of argument, assuming the correctness of appellant's interpretation and application of our statute, we still see no escape from the proposition that the effect of the disclaimer of Ida

Frahm in favor of the remaindermen, and her surrender to them of all her interest in the property, followed by the judicial sale thereof and distribution of the proceeds, operated to effectually extinguish the life estate before the death of the tenant, and this would, under the express terms of the statute, extinguish the contingent rights, if any, of her husband. That such decree would bind the life tenant herself, there can be no doubt. The plaintiff's interest in the subject of the partition was at most contingent only; he was not a necessary party to that proceeding, and the decree and sale which eliminated the interest of the wife was equally effectual to eliminate the contingent claim of the husband. *Williams v. Wescott,* 77 Iowa 332, 342. It is no answer to this to say that a life estate is not subject to partition. There was no attempt to partition the life estate. The action was brought by remaindermen, in whom the title was vested subject to the life estate, and there is no claim that any partition was had between them and the life tenant. It was competent for the latter to waive or disclaim her life estate and permit the partition between the devisees of the fee, and this she did. The sale in partition was a judicial sale, and the statute in terms negatives the right of plaintiff to assert any title or interest in the property as the surviving husband, against the title so acquired.

Other questions have been argued, but our views upon the one above mentioned are decisive of the appeal. The decree of the district court is right, and it is therefore— *Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.