Jones & White, Appellee, v. Saidee C. Park et al.,
Appellants. (No. 15158)

Clyde E. Park et al., Appellants, v. Saidee C. Park (R. E. White et al., Appellees). (No. 15160)

No. 42980.

October 15, 1935.

Rehearing Denied January 24, 1936.

William A. Hunt, for appellants.

Ralph W. Burt and Jones & White, for appellees.

HAMILTON, J.—■■■ This is in reality a race to see who is entitled to attorney fees in the partition of certain real estate. Cause No. 15158, which for brevity we will designate appellees' case, was filed four hours ahead of cause No. 15160, which will be designated as appellants' case.

Completed service on all necessary parties was first obtained in appellants' case, and hence was first commenced, and, if there was nothing more involved in the controversy, we would have to hold that appellants' case was entitled to stand as first pending and that the other should be abated. Boone v. Boone, 160 Iowa 284, 137 N. W. 1059, 141 N. W. 938.

However, Clyde E. Park, plaintiff in appellants' case, had no present vested interest or title in the real estate involved. He had at one time owned this and other real property, but some time prior to the commencement of this action, in a divorce suit between said Park and his wife, Saidee C. Park, the court by decree divested him of all right, title, or interest in this property and awarded same to his wife, Saidee C. Park, and Jones & White et al., her attorneys, as alimony and to apply on attorneys' fees.

Thereafter they succeeded in patching up their domestic infelicity and remarried, but there was no reconveyance of the property. This is all revealed by a perusal of appellants' petition, and also by the evidence. Appellees promptly filed a motion to dismiss on the ground that plaintiff, standing in the relationship of husband of the title holder, had no such interest in the real property involved as to entitle him to maintain the action or to the relief demanded. Counsel for appellants, apparently recognizing this motion was well taken and would have to be sustained, did not wait for a ruling on the motion, but, no doubt with grave financial misgivings, proceeded to bestir himself. He filed what is denominated ''Amended and Substituted Petition'', by which he dismissed his cause of action ''without prejudice'' as to his wife, Saidee C. Park, and brought her in as a party plaintiff with himself, and reiterated the allegations of the original petition. To this the appellees filed a plea in abatement alleging the husband never had any right to maintain the partition suit against his wife and her cotenants, and that the filing of the amended and substituted petition was in

fact the commencement of a new action completely changing the issues, and that, "where an amendment to a petition states a new cause of action, such new cause of action is deemed to have been started as of the date of the filing of the amendment."

The trial court held with appellees and abated appellants' cause of action and granted partition in appellees' case.

■■ We have carefully read the briefs and arguments and find nothing substantial upon which appellants rest their contention of priority in point of time in the pendency of their action. The appellant Clyde E. Park had no such interest as entitled him to institute the suit in the first place. He was not a joint owner or tenant in common of this real estate, and under our statute (Code 1931, section 12310 et seq.) partition can only be had when the land is so owned. Smith v. Runnels, 97 Iowa 55, 65 N. W. 1002; Johnson v. Moser, 72 Iowa 523, 34 N. W. 314; Henderson v. Henderson, 136 Iowa 564, 114 N. W. 178; Boone v. Boone, supra; Frahm v. Seaman, 179 Iowa 144, 159 N. W. 206; Shillinglaw v. Peterson, 184 Iowa 276, 167 N. W. 709; Traversy v. Bell, 195 Iowa 1243, 193 N. W. 439.

■■ It is equally clear that an entirely new and independent cause of action was started by the amended and substituted petition, and under our prior holdings is deemed commenced as of date of the filing of the amendment. The court in the case of Box v. Chicago, R. I. & P. Ry. Co., 107 Iowa 660, 665, 78 N. W. 694, 696, in discussing what constitutes a new cause of action said:

"An action is a proceeding in court. Code, section 3424. The *cause of the action* is the fact or the facts that 'justify it or show the right to maintain it.' Hence, when a material fact, necessary to a recovery, is omitted from a petition, we say it does not state a cause of action." (Italics ours.)

See, also, as bearing on this question, Brooks v. Seevers, 112 Iowa 480, 84 N. W. 517; Van Patten v. Waugh, 122 Iowa 302, 98 N. W. 119; Pease v. Citizens State Bank, 210 Iowa 331, 228 N. W. 83; Cornick v. Weir, 212 Iowa 715, 237 N. W. 245; Page v. Koss Construction Co., 219 Iowa 1017, 257 N. W. 426.

We fear appellant in his haste must find himself in a place illustrative of the scriptural statement, "The first shall be last and the last shall be first."

We are satisfied the action of the trial court was right, and the case is affirmed.—Affirmed.

KINTZINGER, C. J., and ANDERSON, ALBERT, POWERS, MITCHELL, DONEGAN, and RICHARDS, JJ., concur.

PARSONS, J., takes no part.