HERMAN OHDEN, Appellee, v. TRIENTJE ABELS et al., Appellants; PETER OHDEN et al., Appellees.

DIRK OHDEN et al., Appellants, v. PETER OHDEN et al., Appellees.

No. 43357.

MARCH 17, 1936.

R. G. Remley, for appellants.

I. J. Sayrs, for appellees.

STIGER, J.—The two partition suits, Nos. 14452 and 14454, involved in this appeal are between the same parties, concern the same real estate, and are consolidated for the purpose of this appeal.

In each case a plea in abatement was filed and the issue here is, Which action shall be abated?

On January 3, 1935, Herman Ohden, plaintiff-appellee in cause No. 14452, filed his petition in partition in the district court of Hamilton county, Iowa, and service of original notice on defendants was completed January 18, 1935.

This petition affecting real estate was indexed by the clerk of the district court in compliance with Code section 11092, on the day it was filed.

On January 7, 1935, Dirk Ohden et al. filed their petition in partition between the same parties and involving the same real estate, being cause No. 14454, and service of original notice was completed January 7, 1935, eleven days prior to completed service in Cause No. 14452.

The plea in abatement filed by certain defendant appellants in cause No. 14452, which appellants are plaintiff appellants in No. 14454, is that at the commencement of said cause of action on January 18, 1935, there was another action pending between

the same parties for the same cause, to wit, equity No. 14454, Dirk Ohden et al., Plaintiffs, v. Peter Ohden et al., Defendants. That service of original notices in said cause was completed on January 7, 1935, but in the instant case the plaintiff did not complete the service of his original notice until January 18, 1935, when Dirk Ohden entered his appearance of record. The plea in abatement in cause No. 14454 is that at the commencement of said action on January 7, 1935, there was then pending in this court another cause of action between the same parties and for the same cause, to wit, No. 14452 wherein Herman Ohden is plaintiff and Trientje Abels et al. are defendants; that the records and files in cause No. 14452 show that plaintiffs' petition was duly filed in the office of the clerk of the court on January 3, 1935, and duly indexed and filed as required by law, and that the original notice in said cause was completed January 18, 1935.

This case involves a construction of Code sections 11055, 11092, and 11093.

"11055. Original notice. Action in a court of record shall be commenced by serving the defendant with a notice," etc.

"11092. Real estate—action indexed. When a petition affecting real estate is filed, the clerk of the district court where filed shall forthwith index same in an index book to be provided therefor," etc.

"11093. Lis pendens. When so indexed said action shall be considered pending so as to charge all third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's rights."

The trial court held that under section 11055 a suit is ordinarily commenced by service of the original notice, but if the suit affects real estate and the proper entry is made in the lis pendens book, the filing of the petition must be deemed the commencement of such action under sections 11092 and 11093 of the code, citing Union Sav. Bank & Trust Co. v. Carter, 214 Iowa 1131, 243 N. W. 523; Andrew v. Haag, 215 Iowa 282, 245 N. W. 436; First Trust Joint Stock Land Bank v. Jansen, 217 Iowa 439, 251 N. W. 711; that the petition in cause No. 14452 having been first filed, the said cause was first commenced, and that therefore cause No. 14454 in which original notice was first completed must be abated.

The trial court adjudged and ordered that cause No. 14454 be discontinued and abated.

Appellants appeal from said judgment. It is fundamental that the court will not entertain at the same time two or more suits between the same parties and for the same subject-matter, and the one that was first commenced will be given preference and the others abated.

The lower court held and appellees take the position that, although section 11055 provides that an action shall be commenced by serving the ·defendant with a notice, if the action is one that affects real estate, the action is commenced by the filing and indexing of the petition, and that section 11055 has no application to an action affecting real estate.

This construction of the above statutes is that the manner of commencing actions affecting real estate is to file and index the petition, and the action is then technically commenced.

We cannot concur in this construction of the statutes.

Sections 11092 and 11093 do not qualify section 11055, which provides the manner of the commencement of an action.

They provide a statutory lis pendens, and the sole purpose of the doctrine of lis pendens and these statutes is to give constructive notice of a plaintiff's claims and rights in the real estate, as set out in the petition, to third persons, and to prevent such third persons from acquiring any interests in the property against the plaintiff's rights.

Section 11093, defining lis pendens, states: ''When so indexed said action shall be considered pending so as to charge all third persons with notice of its pendency.''

It is the indexed petition that gives the notice of plaintiff's claims, not the notice. It is not necessary under sections 11092 and 11093 that a notice be served in order to charge third persons with notice. Union Sav. Bank & Trust Co. v. Carter, supra; Haverly v. Alcott, 57 Iowa 171, 10 N. W. 326.

Appellants contend that an action is not pending so as to be a bar to another suit until there has been completed service on all the necessary parties.

This is the law of this State. Boone v. Boone, 160 Iowa 284, 137 N. W. 1059, 1061, 141 N. W. 938; Wray v. Wray, 159 Iowa 230, 140 N. W. 414; Littlejohn v. Bulles, 136 Iowa 150, 113 N. W. 756; Jones & White v. Park, 220 Iowa 903, 262 N. W. 801.

1 C. J., beginning on page 57, states the rule of abatement

of an action on the ground that another action is pending, as follows:

"Sec. 73. It is generally necessary that the action pleaded in abatement of another action shall have been commenced prior to the latter, for it is the priority and not the mere pendency of another action which is ground of abatement."

"Sec. 77. Since an action can not be deemed pending until it has been technically commenced, and is pending from that time until it is in some way discontinued or terminated, it is obvious that, in order to determine whether an action has been commenced, so as to be pleadable in abatement as a pending action, we must resort to the rules which determine what constitutes the commencement of an action. These rules vary under the statutory provisions and judicial decisions in the different jurisdictions. * * * In other cases it is held that an action is not pending so as to be available in abatement until after service of the writ or summons or appearance by defendant." In support of the text the above cases of Boone v. Boone; Wray v. Wray; Littlejohn v. Bulles, are cited.

In Boone v. Boone, supra, the question was which of the two partition suits between the same parties and involving the same real estate should be abated. The court states:

" * * * the one [case] which was first pending will be given preference and all others abated. * * * we have first to consider and say from what date, under the practice obtaining in this state, may an action be described as 'pending'? * * * What shall constitute the beginning of an action is, of course, a matter subject to regulation by statute, and our practice act is not without provision on that subject. Turning to Code, section 3514 [now section 11055], we find the following:

" 'Action in a court of record shall be commenced by serving the defendant with a notice,' etc. Under this provision this court has held that, except for the purpose of avoiding a plea of the statute of limitations (concerning which there is a special provision in Code, section 3450), an action is not begun by delivering a notice to the sheriff, but by service of notice actually obtained. Parkyn v. Travis, 50 Iowa 436; Proska v. McCormick, 56 Iowa 318, [9 N. W. 289] ; Littlejohn v. Bulles, 136 Iowa 150, 113 N. W. 756.

"It follows, we think, that in this case John W. Boone's ac-

tion was not pending until he secured service of notice upon the defendants * * * which seems not to have been accomplished until May 27, 1911, and that on said date the other action was already begun and pending upon service completed on May 10, 1911. * * * The fact that the petition in the John W. Boone case was first filed is not a decisive consideration. Both petitions were filed in time, and the court in each case acquired jurisdiction of the parties in interest from the date of completed service of notice without reference to the comparative dates of filing the respective petitions. We find no authority in the statute or decisions which makes the presence of a petition on file essential to the pendency of an action in which notice has been duly served.''

In Wray v. Wray, supra, two actions for partition were brought involving the same property and between the same parties and the question was which suit should be abated. The court states on page 232:

"These two cases could not proceed at the same time as the decree in one would constitute a bar to the other. One should abate.

"It must be conceded that the one which was first pending will be given preference, and the other abated. An action is pending from the time it is commenced, until finally disposed of. For some purposes an action is commenced when the original notice is placed in the hands of the sheriff for service. Code, section 3450. This applies to the limitation of actions. Code, section 3514, provides that an action in a court of record is commenced by serving defendant with a notice. Under this section * * * an action is begun by service of notice actually obtained. * * * In the case at bar appellant's suit was not pending until she had completed service on all necessary parties. This was not done until December 19, 1911. In Stoner's case the notice was complete and his action pending on December 18, 1911.''

The court in the Wray case affirmed the preference given by the lower court to the Stoner case.

The appellees rely on Union Sav. Bank & Trust Co. v. Carter; First Trust Co. v. Jansen, and Andrew v. Haag, supra.

In none of these cases is the question of abatement of an action involved. The controversy in these cases was between first

and second mortgagees as to which was entitled to a lien on the rents and profits and to the appointment of a receiver.

In the Carter case the plaintiff, first mortgagee, filed his petition in foreclosure September 4, 1931, asking for enforcement of his receivership clause. This petition was indexed in compliance with sections 11092 and 11093, whereby lis pendens was imparted to third parties. Plaintiff's notice was defective. . The defendant, second mortgagee, filed his petition September 9, 1931, and completed his service of original notice. Plaintiff then caused a new notice to be served on all parties. The court, holding that receivership provisions in a mortgage are remedial and that plaintiff was entitled to the appointment of a receiver because he filed and indexed his petition first, states, on page 1134:

"There can be no question herein that the plaintiff had an action pending wherein he had asserted his claim to the remedial provisions of his mortgage, and that third persons were chargeable with notice of the pendency of such action and the claim of the plaintiff therein, notwithstanding that no notice thereof had yet been served. The second mortgagee was therefore chargeable with notice of the plaintiff's right and of his assertion of claim thereto from the moment that section 11092 had been complied with; and this was so notwithstanding the nullity of the original notice."

The Carter case holds that a petition in foreclosure properly indexed under section 11092 constitutes a pendency of the action for the purpose of charging third persons with notice of the claim or lien of the plaintiff. Such action is pending for no other purpose. In the Haag case, supra, separate actions were brought by the holders of first and second mortgages on real estate asking foreclosure and the appointment of a receiver. The court states on page 287, quoting from Kooistra v. Gibford, 201 Iowa 275, 207 N. W. 399:

"The law is well settled in this state that a mortgagee has no lien upon the rents and profits arising from the mortgaged premises under a clause merely pledging the same as security for the debt, and without making the same a present lien thereon until an action to foreclose the mortgage is commenced and the appointment of a receiver requested."

The court then states on page 288:

"This holding does not in any way conflict with section 11055 of the Code, but is simply a determination of what must be done to perfect the lien, which determination is not controlled by the statute." The court then held that the appellant, having filed his petition requesting the appointment of a receiver before the appellee made such request, was first in perfecting his lien and was therefore entitled to the appointment of a receiver.

It will be observed that the court states in the Haag case, supra, that section 11055 does not control what must be done to perfect the lien, and this statement is correct. Section 11055 determines what shall constitute the commencement of an action. Sections 11092 and 11093 determine what must be done to perfect the lien.

The Jansen case, supra, follows the rules laid down in the Carter and Haag cases, supra.

The cases relied upon by the appellees are not in conflict with section 11055 and the cases of Boone v. Boone, Wray v. Wray, supra, but are not applicable to the issue in this case.

Under our decisions, an action is pending for the purpose of abating another action when it is commenced under section 11055 by completed service on all of the defendants.

The plaintiffs in cause No. 14454 having first commenced their action by completed service on all the defendants, and thus, having obtained jurisdiction of all the defendants, are entitled to preference over cause No. 14452.

The judgment of the court abating cause No. 14454 is reversed. Cause No. 14452 should be, and is hereby, abated, and trial of the partition action in the lower court shall proceed in cause No. 14454. This cause is remanded for judgment and proceedings in the lower court in harmony with this opinion.—Reversed and remanded.

DONEGAN, C. J., and HAMILTON, PARSONS, KINTZINGER, and RICHARDS, JJ., concur.

ANDERSON, MITCHELL, and ALBERT, JJ., dissent.