**Duane PAGEL, Appellee,**

v.

**Elwin NOTBOHM and Elizabeth Notbohm, Appellants.**

**No. 54570.**

Supreme Court of Iowa.

May 5, 1971.

Fuerste & Carew, Dubuque, for appellants.

Donohue, Wilkins & Donohue, West Union, for appellee.

UHLENHOPP, Justice.

The controlling question in this appeal is whether defendants waived the defense of splitting of causes of action.

Two actions by plaintiff growing out of an automobile mishap are involved, both against the same defendants. Plaintiff's minor son was killed, plaintiff himself was injured, and plaintiff's car was damaged in the mishap. In his first action, plaintiff as fiduciary of his son's estate sought damages for the son's wrongful death and plaintiff individually sought damages for the value of his son's services during minority and for funeral expenses incident to his son's burial. Defendants filed answer in that action denying plaintiff's allegations and averring that the sole cause of the mishap was plaintiff's negligence. In plaintiff's second action, the present one, plaintiff individually sought damages for his own personal injuries and for damages to his car. Defendants filed answer in this second action denying plaintiff's allegations and averring that plaintiff was contributorily negligent.

In this state of the pleadings in the two cases, the first case went to trial. Plaintiff prevailed and the judgment in his favor was paid by defendants.

Thereafter, defendants amended their answer in this second action, averring that plaintiff had split his single cause of action, that they cannot be twice vexed by the same claim, and that plaintiff is therefore prevented from prosecuting this second action. On motion to adjudicate law points, the trial court held contrary to defendants' contention. We permitted this interlocutory appeal by defendants.

Two questions are involved—whether plaintiff had but a single cause of action and whether defendants waived the defense of splitting.

As to the first question, we will assume without deciding that plaintiff did split a single cause. The question is intriguing but no necessity exists to decide it, and we decline defendants' invitation to do so.

■ As to the question of waiver, our rule provides, "Every defense in bar or abatement, or to the jurisdiction after a general appearance, shall be made in the answer or reply, save as allowed by Rule 104 [relating to want of jurisdiction or faiiure to state a claim]." Rule 103, Rules of Civil Procedure. When a plaintiff institutes an action and then a second action and the defendant contends the plaintiff is splitting a single cause of action, the defendant can, in the second action, plead in

his answer the pendency of the prior action. Ohden v. Abels, 221 Iowa 544, 266 N.W. 24. If a defendant does not plead splitting, he waives it. 1 C.J.S. Actions § 102(3)(g) at 1312; 1 Am.Jur.2d Actions § 132 at 651. The question here is whether a defendant can lie back without pleading splitting, let his opponent proceed to judgment in the first action, and then amend his answer in the second action to aver that the plaintiff is foreclosed by splitting from prosecuting the second action. We think not.

Two jurisdictions have considered this precise question. Georgia Ry. & Power Co. v. Endsley, 167 Ga. 439, 145 S.E. 851; Shaw v. Chell, 176 Ohio St. 375, 199 N.E. 2d 869. In the Endsley case, the defendant filed a denial in both actions. After judgment in one of them, the defendant amended its answer in the other action to aver splitting of causes of action. Said the Georgia Supreme Court (167 Ga. at 447, 145 S.E. at 855):

> It was too late for the defendant to object to the splitting of the action into two suits after judgment had been rendered against it in one of them, where both had been started at practically the same time, and where to each the defendant had pleaded only a general denial. In such a situation a defendant is presumed to have waived his right to object; he has impliedly consented.

A similar situation existed in the Shaw case. One action was commenced in municipal court and the other in common pleas court. The Ohio Supreme Court had this to say (176 Ohio St. at 382–383, 199 N.E.2d at 874):

> In our opinion, where one's person and property are both injured by the negligence of another and where the former, as plaintiff, brings an action against the latter, as defendant, to recover for damages to his property only, and where, before the trial of such action, plaintiff brings a subsequent action against such defendant to recover for damages only

to his person, and where the defendant does not object to either action on the ground that there is another action pending between the same parties for the same cause until after judgment is rendered for the plaintiff against the defendant in the property damage action, the defendant will be considered as having impliedly consented to the splitting of plaintiff's single cause of action, and such defendant cannot thereafter plead the judgment in the property damage action as a bar to the personal injury action.

The court also said:

> If defendant was really interested in preventing plaintiff from splitting his single cause of action * * * defendant had ample opportunity to do so by amending his answer before trial of the Municipal Court action. If he was not sufficiently interested to do that, the reasons for giving defendant a right to prevent that splitting will hardly justify a conclusion that such splitting should require destruction of the greater part of plaintiff's single cause of action for defendant's negligence.

See also Thompson v. Gaudette, 148 Me. 288, 300, 92 A.2d 342, 348 ("defendant by pleading the general issue to both actions * * * waived any objection that he had to the splitting of the cause of action"); Southern Stock Fire Ins. Co. of Greensboro v. Raleigh, C. & S. Ry., 179 N.C. 290, 293, 102 S.E. 504, 505 ("defendant, instead of objecting to this division of the action by plea or motion, answered to the merits, it must be held to have acquiesced in and to have assented to the course taken by the several plaintiffs.").

█ Our civil rules have the purpose of promoting the determination of litigation "upon its merits"—not the purpose of ensnaring unwary litigants. See Code, 1971, § 684.18. Defendants did not have to wait until judgment in the first action to plead splitting in the second action; that was

pleadable at the time defendants originally filed their answer in the second action. They should have pleaded it in that answer, since "Every defense in bar or abatement * * * shall be made in the answer or reply * * *." R.C.P. 103. They suggest no reason for not doing so. By waiting to interpose splitting by amendment until after judgment in the first action, defendants placed plaintiff in an inextricable position.

We think the pronouncements of the Georgia and Ohio Supreme Courts are sound, and that in the case at bar the trial court rightly overruled defendants' motion.

Affirmed.

All Justices concur except REYNOLD-SON, J., who takes no part.