HAVERLY v. ALCOTT ET AL.

1. **Evidence:** COMPETENCY OF. Under § 3639, Code, where one party is
   dead, the other may give testimony as to all matters, except upon per-
   sonal transactions between the two.

2. **Lis Pendens:** CONSTRUCTIVE NOTICE. A party purchasing land will
   be charged with notice of the pendency of an action affecting the same,
   from the time the petition is filed; and the facts that the action was not
   properly indexed in the appearance docket, and that the notice was not
   served until after the purchase, are immaterial.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 25.

THIS is an action in equity to cancel certain conveyances of
a lot in the city of Des Moines, and to quiet plaintiff's title
thereto, upon the alleged ground that a deed made by the
plaintiff to the defendant Alcott, was without consideration,
and was obtained by fraud.

There was a decree for the plaintiff, and the defendant Geo.
H. Gardner appeals.

*D. G. Edmundson*, for appellant.

*Chamberlain & Harvison*, for appellee.

ROTHROCK, J.—I. It appears from the evidence that the defendant Alcott claimed to be agent of the United States Home and Dower Association of Pennsylvania, for the State of Iowa. That he represented to the plaintiff that said association was largely engaged in loaning money, and that it was doing an extensive business in this State. It further appears that said association had no financial standing or ability; that it had made no loans, and that it was an institution made up of false pretenses and promises. That plaintiff, believing that the representations of Alcott were true, and in reliance thereon, conveyed the lot in controversy to him in part payment for one-half interest in said agency for Iowa. The agency, by reason of the fraudulent character of the principal, was worthless. These facts are fully established by the evidence.

The defendant Alcott died before the trial in the court below. The plaintiff was examined as a witness in his own be-

1. EVIDENCE: competency of.

half. Objection was made to his testimony as being incompetent, under section 3639, of the Code. It is sufficient to say of this objection that the plaintiff did not testify to any personal transaction between Alcott and himself. This is the only restriction placed upon a party as a witness by the section of the Code under consideration.

. One J. P. McDonald was examined as a witness for the plaintiff. He testified at length to conversations between himself, Alcott and the plaintiff. It is objected to his evidence that it is incompetent, because he was a joint owner of the lot in question, and joined the plaintiff in the conveyance to Alcott. But it appears from the evidence that he had no interest whatever in the contract between the parties, and no interest in this suit, that although he joined in the conveyance to Alcott, he had received from Haverly the consideration for

his interest "and then, for convenience, joined in the deed to Alcott." We are clearly of the opinion that the testimony was not incompetent under section 3639, of the Code.

II. The petition in this case was filed in the office of the clerk of the Circuit Court, on the 3d day of July, 1879.

2. LIS PEN- It was duly entered in the appearance docket, and
DENS: con- indexed directly in the name of the plaintiff, but
structive no-
tice. not indexed reversely in the name of the defend-
ants. On the 16th day of the same month, Alcott and wife conveyed the lot to defendant Landis by deed of general warranty. Two days afterward, Landis conveyed by deed of general warranty to one Edmunson, who was an innocent purchaser for value. He caused an abstract of title to be prepared before he purchased, which failed to show the pendency of this suit, and he had no actual knowledge thereof. Afterward Geo. H. Gardner, intervening defendant, purchased the property of Edmunson, and took a conveyance by deed of special warranty.

Section 2628 of the Code, is as follows: " When a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title   *   *."

Section 197, sub. 7, provides that the clerk shall keep an appearance docket "with an index to the same, in which all actions entered in said docket shall be indexed directly in the name of each plaintiff, and reversely in the name of each defendant therein."

It is urged by appellant that his grantor, Edmunson, was not charged with constructive notice of the pendency of the suit, because the action was not indexed reversely. We can neither add to nor take away a positive provision of the statute. Section 2628 provides that third persons are charged with notice of the pendency of the action when a petition has been filed. When a pleading is delivered to the clerk, and a

memorandum of the date of the filing thereof made in the appearance docket, it is considered filed. Code, sections 200, 2643. The indexing in the appearance docket is no part of the filing. There is no analogy between these provisions of the statute and those which provide for the registry of deeds and other instruments affecting real estate. By the registry laws, notice is imparted by indexing. Code, § 1944. Notice of the pendency of an action is imparted by the filing of the petition.

The original notice in this action was not served until after Edmunson took his conveyance. This is immaterial. The service of an original notice has no connection with the filing of the petition, which, it appears to us, is the act which charges third persons with the pendency of the action.

The decree of the Circuit Court must be

AFFIRMED.