BLODGETT V. HUISCAMP BROS. ET AL.

1. **Attachment of Real Estate**: NOTICE TO SUBSEQUENT PURCHASERS: ENTRY IN INCUMBRANCE BOOK SUFFICIENT, THOUGH NOT INDEXED. Under section 3022 of the Code, an entry made by the sheriff in the "incumbrance book", showing that certain land therein described has been attached, is notice to subsequent purchasers, though the entry is not indexed, notwithstanding subdivision 8 of section 197 of the Code, which provides that the clerk shall keep "a book in which an index of all liens in district or circuit courts shall be kept." Compare *Haverly v. Alcott*, 57 Iowa, 171.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 22.

ACTION for an injunction to prevent the sale upon execution of a certain lot in the city of Des Moines. The lot was at one time owned by one Gardner. The plaintiff is a purchaser from and grantee of Gardner. The defendants, Huiscamp Bros., are judgment creditors of Gardner, having obtained a judgment against him in the circuit court of Dallas county. They claim that they acquired a prior lien upon the lot in question by virtue of an attachment made under a writ issued from the circuit court of Dallas county to the defendant, Painter, as sheriff of Polk county, in which county is the city of Des Moines, in which the lot is situated. The plaintiff does not deny the fact of the levy and its priority in time, but he denies that he had any notice thereof, and avers that he is a purchaser for value. An injunction was granted, and on hearing a decree was rendered in favor of the plaintiff making the injunction perpetual. The defendants appeal.

*Wright, Cummins & Wright,* for appellants.

*Phillips & Sleeth,* for appellee.

ADAMS, J.—An entry of a statement of the levy of the attachment was made by the sheriff in the incumbrance book,

but the same *was not indexed*, and the question presented is as to whether the record of the levy, as made by the sheriff in his return and statement entered in the incumbrance book, but not indexed, constituted constructive notice of the levy. In reply we have to say that we think that they did.

Prior to the enactment of section 3243 of the Revision, (identical with section 3022 of the Code,) the record of the levy alone, as made by the sheriff in his return, constituted constructive notice. But in the sections above cited it was provided that "no levy of attachment on real estate shall be notice to a subsequent vendee or encumbrancer in good faith unless the sheriff making such levy shall have entered in a book, which shall be kept in the clerk's office of each county by the clerk thereof, and called an encumbrance book, a statement that the land, describing it, has been attached," etc. We do not find in this a design to add to the record of the levy, necessarily made in making the levy, anything more than the statement above mentioned. On the other hand, there is a clear implication that when the statement is entered the notice becomes complete. To sustain the plaintiff's position, the statute should provide that the levy shall not be notice unless the sheriff shall have entered in the encumbrance book a statement that the land has been attached, *and unless the clerk shall have made an index of the statement.* There is certainly nothing in the statute that would justify us in adding such provision by judicial construction. We do not understand, indeed, that it is seriously contended that there is. Perhaps it would be conceded that, looking at this statute alone, it would not appear that an index of the statement is necessary to constitute notice. But it is contended that there are other provisions from which such necessity appears. It is not contended that there is an express provision making an index necessary to constitute notice, but that such is to be inferred from an express provision for an index. The express provision for an index is said to be found in subdivision 8 of section 197 of the Code. The provision

is that the clerk shall keep "a book in which an index of all liens in district or circuit courts shall be kept."

It would not be contended, we think, that any clerk is charged with the duty of making an index of liens in court, except of the liens in the courts of which he is clerk.    To sustain, then, the plaintiff's position, it would be necessary to hold that a lien created in Polk county, by the service of a writ of attachment sent from Dallas county, is a lien in either the district or circuit court of Polk county, or both; and it would be necessary to hold, further, that wherever a statute provides for an index such index must by inference be deemed necessary to constitute notice, and that, too, where there is a plain implication of statute to the contrary.

Whether the lien in question was a lien in either the district or circuit court of Polk county we need not determine. This court held in *Haverly v. Alcott*, 57 Iowa, 171, that a provision for an index does not of itself make an index necessary to constitute notice.    In that case the question was as to whether a *lis pendens* was notice, the action not having been indexed in the appearance docket as the statute provided. It was held that the *lis pendens* was notice.    It is true that there was an express provision that it should be notice from the time of the filing of the petition; but the fact remains that an index may be provided for when it is not necessary to constitute notice, and when it cannot be relied upon as such. If the court had felt constrained to hold that the whole or essential office of an index is to constitute notice, it would probably have felt obliged to construe the two statutes together, and so engraft one upon the other as to make the indexing necessary to constitute notice.    But it did not so hold; and it follows that the mere provision for an index in this case (if one is provided for) does not so determine its office that we should give the section first above cited a different meaning from that which it plainly bears upon its face.

If we had more doubt than we have in regard to the cor-

rectness of the general doctrine above expressed, we should be disposed to sustain it in its application to this case.

The statement, of the kind in question, is entered by the sheriff. It should be entered promptly, and may be entered at any time. The clerk cannot always be in his office. He has official duties in the court room which require considerable absence. It would probably be impracticable to index all the sheriff's statements with sufficient promptness to prevent intervening rights from attaching, if the index is necessary to constitute notice. The most watchful clerk could hardly escape liability for neglect of duty, and no clerk could be certain that he could. The rule contended for would involve the clerks of the courts in the greatest peril.

In our opinion the plaintiff's purchase was subject to the attachment, and it follows that the court erred in decreeing an injunction of the sale.

REVERSED.