UNION SAVINGS BANK & TRUST COMPANY OF DAVENPORT, Appellee, v. RUSSELL CARTER, Appellant, et al., Appellees.

No. 41417.

JUNE 24, 1932.

Charles S. White and Charles Bagley, for appellant.

Musmaker & Musmaker, for appellees.

Evans, J.—The plaintiff purported to begin its foreclosure action on the 4th day of September, 1931. It filed its petition, which was in all respects regular. It prayed an enforcement of the receivership ·clause and prayed possession of the mortgaged property during the year of redemption. It caused the Clerk to comply with all the requirements of Sections 11092 and 11093 of the Code, whereby a notice of *lis pendens* was imparted to third parties. · It also placed in the hands of the sheriff for service an original notice. This notice proved to be defective in form, in that it notified the defendants to appear on October 3d, as the first day of the term, whereas in truth such appearance should have been fixed as October 6th. Thereupon, on September 5th, the defendant Carter purported to commence his foreclosure action by filing his foreclosure petition and causing service of original notice, all of which proceedings were regular in all respects. On September 9th following, the plaintiff, discovering the error in his first notice, caused a new notice, correct in form, to be served upon all parties. Such is the record.

The contention of the appellant is that the first original notice served by plaintiff was fatally defective and void; that it was not effective as the commencement of an action; that therefore the plaintiff had no action pending until September 9th; and that the defendant took priority by reason of the beginning of his action on September 5th.

That the second mortgagee may obtain priority over the first one by first bringing an action of foreclosure has been many times held by us. This is conceded by the appellee, and we need not cite the authorities. We have also held that an original notice

which states an erroneous date for the commencement of the trial term of court is fatally defective and void. Boals v. Schules, 29 Iowa 507; Haws v. Clark, 37 Iowa 355; Pendy v. Cole, 211 Iowa 199.

On the other hand it is contended by the appellee that under the provisions of Sections 11092 and 11093, an action affecting real estate will be deemed pending upon the filing of a petition and a compliance with the requirements of said two sections. These sections are as follows:

"11092. *Real estate—action indexed.* When a petition affecting real estate is filed, the clerk of the district court where filed shall forthwith index same in an index book to be provided therefor, under the tract number which describes the property, entering in each instance the cause number as a guide to the record of court proceedings which affect such real estate. If the petition be amended to include other parties or other lands, same shall be similarly indexed. When the cause is finally determined the result shall be indicated in said book wherever indexed."

"11093. When so indexed said action shall be considered pending so as to charge all third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's rights."

The plaintiff's action did affect real estate. The receivership provision of its mortgage also affected real estate in that it involved the right of possession of the real estate pending the year of redemption.

We have held that the receivership provisions in a mortgage on real estate are remedial and that they do not operate upon the right of possession until the foreclosure action is begun and until the mortgagee asserts therein his claim upon the stipulated remedy. The question presented is, therefore: Had the first mortgagee begun his foreclosure action and had he asserted his claim to the stipulated remedy before the second mortgagee had asserted his claim to a like remedy, notwithstanding the nullity of his original notice? Section 11055 provides the general method of commencing actions in a court of record by service of original notice. Exception or qualification is made to this general remedy by Sections 11092 and 11093. These provide in effect that actions *in rem* affecting real estate may be brought in the manner therein

provided. Section 11092 provides for the filing of a petition and for a proper indexing to be done by the clerk of the district court. Section 11093 provides that upon compliance with the requirements of Section 11092, then "said action shall be considered pending." And again: "While pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's rights." In construing this section we have held that service of notice is not essential to the operation of these sections according to their terms. Haverly v. Alcott, 57 Iowa 171. In the cited case we said:

"Notice of the *pendency of an action* is imparted by the filing of the petition. The original notice in this action was not served until after Edmunson took his conveyance. This is immaterial. The service of an original notice has no connection with the filing of the petition, which, it appears to us, is the act which charges third persons with the pendency of the action."

The foregoing was followed by the Federal courts in Shropshire v. Lyle, 31 Fed. 694, and Fisher v. Shropshire, 147 U. S. 133. There can be no question herein that the plaintiff had an action pending wherein he had asserted his claim to the remedial provisions of his mortgage and that third persons were chargeable with notice of the pendency of such action and the claim of the plaintiff therein, notwithstanding that no notice thereof had yet been served. The second mortgagee was therefore chargeable with notice of the plaintiff's right and of his assertion of claim thereto from the moment that Section 11092 had been complied with; and this was so notwithstanding the nullity of the original notice. This view is consistent with the holding of the district court.

We reach the conclusion that the trial court properly awarded priority to the plaintiff, and its decree is accordingly—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, DE GRAFF, MORLING, ALBERT, and KINDIG, JJ., concur.