FIRST TRUST JOINT STOCK LAND BANK of Chicago, Plaintiff, Appellee and Cross-appellant, v. A. H. JANSEN et al., Defendants, W. H. SCOTT, INC., Intervenor, Appellant and Cross-appellee.

No. 42188.

440

DECEMBER 12, 1933.

Gerald E. Lyons, for appellee and cross-appellant.

W. L. Barker and W. H. Scott, for appellant and cross-appellee.

Elwood & Elwood, for defendants Chris A. and Mrs. Chris A. Jansen.

ANDERSON, J.—This action involves the rights to rents and profits arising from mortgaged premises, as between the mortgagee and an assignee of leases upon the mortgaged premises. Both the plaintiff, the First Trust Joint Stock Land Bank of Chicago, and the intervenor, W. H. Scott, Inc., appeal, but the intervenor, having perfected its appeal first, will be designated as appellant, and the plaintiff will be designated as appellee.

The record discloses that the appellee held a mortgage for $38,000 upon the real estate involved, and commenced an action to foreclose the same in the district court of Howard county, Iowa, on the 4th day of March, 1932; that the defendants A. H. Jansen and Mary Jansen were the makers of the note and mortgage and were nonresidents of the state of Iowa. The defendants Chris A. Jansen

and L. S. Anderson, with their wives, were tenants in possession of the real estate under written leases for the year from March 1, 1932, to March 1, 1933. The petition of plaintiff was in the regular form in a suit to foreclose, reciting default in the payment of installments due under the mortgage, electing to declare the whole amount of the mortgage and notes secured thereby due and payable, and asked for the appointment of a receiver. The mortgage pledged the rents and profits and the right to possession of the mortgaged premises pending foreclosure, and also provided for the appointment of a receiver to take possession, and to collect the rents and profits pending foreclosure sale and the period of redemption, and apply the same to the payment of the mortgaged debt, interest, and costs. The petition further alleged that the mortgaged premises were inadequate security for the amount due under the mortgage; and that the principal defendants, makers of the mortgage, were insolvent, and had committed and permitted waste upon the premises, thereby deteriorating and depreciating plaintiff's security; and prayed for the appointment of a receiver with authority to rent the premises and collect all rents that may accrue from the use of said premises, from the date of the filing of the petition, and apply the net proceeds to the payment of taxes and necessary repairs, and apply any balance, after the payment of costs, upon plaintiff's debt. On or about March 22, 1932, original notice of the pendency of plaintiff's said action was served upon the defendant tenants; the return of service thereof reciting that the service was made upon the said defendants at their place of residence in Saratoga township, Howard county, Iowa; the return also reciting that service could not be made upon the principal defendants A. H. Jansen and Mary Jansen because they could not be found in Howard county, Iowa. Service was in fact made upon the said principal defendants on the 20th of June, 1932, in Livingston county, Illinois. On September 13, 1932, W. H. Scott, Inc., filed its petition of intervention in said cause, stating that on or about May 28, 1932, the principal defendants, Jansens, sold and assigned to one M. A. Kepple two certain leases covering the mortgaged premises, with Chris A. Jansen and L. S. Anderson as tenants; each of said leases being for one year from March 1, 1932. And that on May 20, 1932, the said principal defendants, Jansens, sold and conveyed the mortgaged premises to the said M. A. Kepple; that on May 31, 1932, the said Kepple made a written extension of each of said leases with the

tenants for the year beginning March 1, 1933; and that on June 1, 1932, the said Kepple sold and assigned the said leases, so extended, to the intervenor, W. H. Scott, Inc. The intervenor further alleged that said sales and assignments were for a valuable consideration, and prior to the commencement of plaintiff's foreclosure action; and that intervenor acquired the said leases free from any liens, and is entitled to collect and receive the rents accruing thereunder from March 1, 1932, and until plaintiff may acquire title through its foreclosure. Intervenor denies the right of plaintiff to the appointment of a receiver, for the purpose of collecting the rents arising from the mortgaged premises, and denies that plaintiff's security is inaedquate, and prays that intervenor may have judgment denying the appointment of a receiver, and for costs. Such were the issues as made by the pleadings.

Upon the trial it was stipulated that plaintiff's mortgage was in default, and that the plaintiff's security was inadequate, and that the premises were not worth in excess of $35,000. There was due upon the mortgage indebtedness at the time of the trial, and so found by the court, an amount in excess of $40,000. There was testimony tending to prove the insolvency of the makers of the mortgage, which appellant contends was not sufficient upon which to base a finding of insolvency. We are of the opinion that, if the question was material, it was sufficiently proven. However, we have held that, where the mortgage pledges the rents and profits and provides for the appointment of a receiver, and proof shows that the security is inadequate, a receiver should be appointed without proof of insolvency. Prudential Life Insurance Co. v. Puckett, 216 Iowa 406, 249 N. W. 142. Appellant's contention at this point is without merit.

A question is raised by the appellee as to the good faith of the appellant and its assignors in the procurement of the leases, and the extension of each of them for an additional year, and as to whether or not there was any consideration for the various assignments. We find it unnecessary to discuss or decide this question. We might incidentally notice, however, that the appellant, W. H. Scott, Inc., is a corporation formed by W. H. Scott, the attorney for the appellant, and that the other officers of the corporation are A. H. Scott and G. L. Scott; and that there is no showing as to the relationship between these parties; that it appears that it was a part of the business of said corporation, and also of M. A. Kepple, to

deal in leases such as the ones here involved and in the manner as shown by this record.

Upon the trial a judgment was entered in rem for the amount of the mortgage indebtedness amounting to $40,094.35, and for costs of approximately $500. And a receiver was appointed to take charge of the mortgaged premises, rent the same, and collect the rents therefrom commencing March 1, 1933, and to apply the same upon the costs and deficiency judgment, if any. The court also found and determined that the rents accruing upon part of the land from March 1, 1932, to March 1, 1933, and due from the defendant Chris A. Jansen, had been paid by him to the title holder, A. H. Jansen, and that the said Chris A. Jansen owed nothing for rent for that year. From this judgment, order, and decree, both intervenor and plaintiff appeal; the intervenor appealing from the order appointing the receiver to collect the rents during the season of 1933, and the appellee appealing from the order because it failed to direct the receiver to collect the rents accruing for the year of 1932, other than the amount due from the tenant, Chris A. Jansen, for that year.

The appellant raises some question as to the sufficiency of the notice of cross-appeal served by appellee, but we hold the appellee's notice of appeal sufficient.

The appellant complains that the court erred in appointing the receiver with direction to collect any of the rents accruing pending the foreclosure proceedings and the period of redemption, by reason of the fact that the appellant had acquired the right to such rents under the assignment of the leases, prior to the time of the commencement of the foreclosure action; and for the further reason that there was no evidence of waste or depreciation of security, and no showing of insolvency, and no showing that the plaintiff-appellee had any lien upon the rents of the mortgaged premises.

■ We have held that a mortgagee is entitled to the sequestration of the rents and profits and the appointment of a receiver, under certain circumstances, on foreclosure, and that the same rights are extended as against the grantee or assignee of the mortgagor, if the lien of the mortgage has been asserted prior to the acquiring of any rights by a grantee or assignee. Equitable Life Insurance Co. v. Jeffers, 215 Iowa 696, 246 N. W. 784. And that the mortgagee does not acquire such lien on the rents, income, and profits until the commencement of a suit to foreclose and for the appoint-

ment of a receiver. Hakes v. North, 199 Iowa 995, 203 N. W. 238; Lynch v. Donahoe, 205 Iowa 537, 215 N. W. 736, 218 N. W. 144. We have also held that the commencement of the action and the request for the appointment of a receiver, and not the date on which the appointment is made, fixes the time for determining the questions of priority between the mortgagee and third parties claiming right to the rents and profits, or a lien thereon. When the receiver is appointed, the appointment relates back to the commencement of the action, if the appointment of a receiver is then requested. Andrew v. Haag, 215 Iowa 282, 245 N. W. 436; Metropolitan Life Insurance Co. v. Andrews, 215 Iowa 1049, 247 N. W. 551.

We now come to the appellant's contention that he acquired his lien upon, and interest in, the rentals of the mortgaged premises prior to the commencement of plaintiff's foreclosure action. As we have noted, the plaintiff's petition in foreclosure was filed in the office of the clerk of the district court of Howard county, Iowa, on the 4th day of March, 1932. Original notices of the pendency of such action were delivered to the sheriff and served on the defendant tenants, on March 22, 1932, and was not served upon the principal defendants, as shown by the sheriff's return, for the reason that the sheriff was unable to find such defendants in Howard county, Iowa. The notice, however, later, and on June 20, 1932, was served on the principal defendants in the state of Illinois. The appellant claims to have received the assignment of the leases on or about June 1, 1932. The appellant contends that, by reason of the fact that the original notice was not served upon all of the defendants, the action was not pending until the completed service thereof on June 20, 1932. We think there is no merit in this contention.

Upon the filing of plaintiff's petition on the 4th day of March, 1932, the clerk of the district court was required to index the same under sections 11092 and 11093 of the Code. These sections provide:

"11092. *Real estate—action indexed.* When a petition affecting real estate is filed, the clerk of the district court where filed shall forthwith index same in an index book to be provided therefor, under the tract number which describes the property, entering in each instance the cause number as a guide to the record of court proceedings which affect such real estate. If the petition be amended

to include other parties or other lands, same shall be similarly indexed. When the cause is finally determined the result shall be indicated in said book wherever indexed.

"11093. *Lis pendens*. When so indexed said action shall be considered pending so as to charge all third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's rights."

Plaintiff's action did affect real estate. And the receivership provisions of its mortgage also affected real estate, in that it involved the right of possession, and the right to the collection and appropriation of the rents and profits pending the foreclosure and during the period of redemption. The foregoing quoted sections provide for the filing of the petition to foreclose and for the indexing thereof by the clerk of the district court in which the petition is filed, and that thereafter the action shall be considered pending, and, while so pending, no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's rights. We have held that, under the quoted sections, service of notice is not essential to their operation. Haverly v. Alcott, 57 Iowa 171, 10 N. W. 326. In the cited case we said:

"Notice of the pendency of an action is imparted by the filing of the petition. The original notice in this action was not served until after Edmunson took his conveyance. This is immaterial. The service of an original notice has no connection with the filing of the petition, which, it appears to us, is the act which charges third persons with the pendency of the action."

This rule was reaffirmed in the recent case of Union Savings Bank v. Carter, 214 Iowa 1131, 243 N. W. 523, in which we said:

"There can be no question herein that the plaintiff had an action pending wherein he had asserted his claim to the remedial provisions of his mortgage, and that third persons were chargeable with notice of the pendency of such action and the claim of the plaintiff therein, notwithstanding that no notice thereof had yet been served."

The appellant attempts to avoid the plain provisions of the quoted sections of the statute by the contention that there is no direct evidence that plaintiff's petition, when filed, was indexed by the clerk, as is provided and required under the provisions of

the quoted sections, and also contends that there was evidence tending to show that the action was not indexed as required. Such evidence as was offered by the appellant is not at all convincing on this question. It is apparent that the examination made by the attorneys for appellant, W. H. Scott and W. L. Barker, was not of the index book where the action would have been indexed. The real estate involved was in Saratoga township, Howard county, Iowa, and the examination of the index book, as testified to by appellant's witnesses, was on a page of such book showing land in Chester township, Howard county, Iowa. Both of these witnesses examined the petition on file and had actual notice of the pendency of the foreclosure action. Whether the information obtained in the clerk's office by these witnesses was communicated to the intervenor, the record does not disclose. However, it must be presumed that the clerk of courts in the county in which the petition was filed performed his statutory duty, and, in the absence of convincing proof to the contrary, we must presume that the clerk properly indexed the plaintiff's petition. Andrew v. Haag, 215 Iowa 282, 245 N. W. 436; Union Savings Bank v. Carter, 214 Iowa 1131, 243 N. W. 523; Ebinger v. Wahrer, 213 Iowa 84, 238 N. W. 587; Northwestern Mutual Life Insurance Co. v. Block, 216 Iowa 401, 249 N. W. 395.

It is our conclusion, therefore, that plaintiff's action was pending prior to the time that any rights were acquired by the appellant-intervenor, or his assignor, and that the plaintiff-appellee was entitled to the appointment of a receiver effective as of the date of the filing of the petition March 4, 1932; and that the judgment and decree of the trial court should have authorized and directed the receiver to collect the rents and profits from the mortgaged real estate, from and after March 4, 1932, with the exception only of the rents on that portion of the real estate which had been paid prior thereto by the tenant, defendant Chris A. Jansen. The case is therefore affirmed upon appellant-intervenor's appeal, and reversed upon plaintiff-appellee's appeal, and remanded with instructions to the trial court to enter a judgment, order, and decree in conformity with this opinion.

Reversed on appellee's appeal; affirmed on appellant's appeal.

ALBERT, C. J., and KINDIG, STEVENS, KINTZINGER, and MITCHELL, JJ., concur.