PRUDENTIAL INSURANCE COMPANY of America, a Corporation, Appellant, v. ARTHUR E. STRONG, Defendant, E. A. PETERSEN, Defendant, Appellee.

No. 42806.

MARCH 12, 1935.

Edwin J. Stason, Kenneth T. Wilson, Clinton B. Nasby, and Quintard Joyner, for appellant.

A. G. Hess, for appellee.

HAMILTON, J.—On October 26, 1932, the plaintiff-appellant being then the owner of the real estate involved in this action, sold and conveyed the same to the defendant, Arthur E. Strong, for the consideration of $10,000, $1,500 of which was paid in cash and the balance of $8,500 was paid by Strong, an unmarried man, giving back to the plaintiff a note secured by a purchase-money mort-gage upon the real estate conveyed. The mortgage pledged the rents and profits, crops, etc., and provided for the appointment of a receiver in the event of suit. The mortgage also contained an accel-eration clause which provided, among other things:

"Or if the taxes on said premises are not fully paid within the time allowed for payment by law * * * then in such case, the whole of said principal and interest thereon shall, at the option of said second party or assigns, become due and payable and this mortgage may be foreclosed at any time after such default. * * * It is further provided that said party of the second part or assigns may at its or their option pay said taxes, * * * on the failure of the party of the first part to pay the same as above mentioned, and the money so paid with interest thereon at the rate of eight (8) per cent per annum, payable annually from date of payment shall be a part of the debt secured and collectible under this mortgage."

The mortgage was duly filed and recorded, and likewise filed and indexed as a chattel mortgage.

The note was payable "on or before ten (10) years from March 1, 1933, in annual payments of One Hundred Fifty Dollars ($150.00), payable on the first day of March of each year, begin-ning on the first day of March, 1936; and one payment of Seven Thousand Four Hundred Fifty Dollars ($7,450.00), payable on the first day of March, 1943, with interest thereon from March 1,

1933, at the rate of 5½ per cent per annum, payable annually, on the first day of March in each year."

Strong moved onto the premises on March 1, 1933, and later sold and conveyed the same to the defendant, E. A. Petersen. The exact date of this conveyance or the consideration paid by Petersen is not shown.

The petition in this case was filed in the office of the clerk of the district court of Woodbury county, Iowa, on the 14th day of November, 1933, in which petition it is alleged that defendants are in default for failure to pay the second installment of the taxes for the revenue year 1932 in the amount of $76.84, and plaintiff prays for judgment for the whole amount of the debt, including said taxes and abstract fee, and for the appointment of a receiver to take charge of and collect the rents and profits from the real estate, which, by the terms of the mortgage, were pledged as security for the debt.

The original notice, as shown by the return thereon, was personally served on the defendant E. A. Petersen in Sioux City, Woodbury county, Iowa, on the 27th day of December, 1933. E. A. Petersen filed her answer on February 6, 1934, admitting that plaintiff held the mortgage as set out in its petition, and denying each and every other allegation therein contained. No answer was filed by the defendant, Strong.

On the issues thus joined, the court, on the 24th day of March, 1934, that being one of the regular days of the March, 1934, term of said court, entered judgment and decree for personal judgment against the defendant, Arthur E. Strong, in the sum of $9,173.60, with interest and costs; the decree reciting that the defendant, E. A. Petersen, appeared by her attorney, A. G. Hess, and that the defendant, Arthur E. Strong, appeared in person. The decree contains the following provision in reference to the appointment of a receiver:

"It is further ordered, adjudged and decreed, that plaintiff's application for the appointment of a receiver for the mortgaged premises is hereby continued until after sheriff's sale of the said real estate, at which time said application may come on for hearing without further notice except to attorney of record, the court expressly retaining jurisdiction to hear and determine the same."

The property was sold to the plaintiff at sheriff's sale on special execution on the 25th day of April, 1934, for the sum of $8,908.07, leaving a deficiency judgment of $500. On May 21, 1934, general execution was issued against the defendant Strong, which on May 22, 1934, was returned with no property found. On the 22d day of May, 1934, plaintiff filed in the office of the clerk of said court a renewal of its application for the appointment of a receiver, setting up the deficiency judgment and the return of the general execution thereon unsatisfied, to which application the defendant, E. A. Petersen, on the 24th day of May, 1934, filed a resistance in which it is alleged that the plaintiff sold said property to Strong, in October, 1932, at the purchase price of $10,000, upon which $1,500 was paid in cash; that the total amount due is six or seven hundred dollars less than the amount for which plaintiff had sold said premises to the defendant, and upon which plaintiff had received a cash payment of $1,500; that the defendant had offered to reconvey said premises to the plaintiff in satisfaction of the debt and to give possession March 1, 1935; that at the time of the commencement of the foreclosure action nothing was due upon the principal of said mortgage, and none of the interest payments were in default; that the only default on said mortgage indebtedness was the failure of the defendant to pay the second installment of the 1932 taxes which did not become delinquent until October 1, 1933; and that plaintiff was not justified in view of the above facts and the present economic conditions in commencing said foreclosure proceedings, and that it would not be equitable to appoint a receiver as prayed for in said application.

There was a trial to the court on the issues thus raised, and it appears from the evidence without dispute that H. H. Petersen, the husband of the defendant, E. A. Petersen, was engaged in the real estate and insurance business in Sioux City, Iowa, buying and selling farm land in Woodbury county; that he sold the property in question for the Prudential Insurance Company, appellant, to the defendant Strong, who made a down payment of $1,500, and that H. H. Petersen received a commission of $500 for making the sale, which was paid by the appellant. Strong then deeded the property to E. A. Petersen. The consideration of this conveyance "involved some indebtedness about a house". It appears that the rentals collected from the property for 1933 amounted to about $125. The defendant Petersen never resided on the premises, and

it is shown by the testimony of her husband that she purchased the property in order to make a profit. It appears that the premises were rented for the year 1934 at an agreed rental of between six and seven hundred dollars, but the lease was not entered into until after the commencement of the foreclosure proceedings in which the plaintiff had asked for the appointment of a receiver.

The defendant-appellee offered as a part of the cross-examination of plaintiff's witness, H. H. Petersen, a letter dated November 9, 1933, written by Petersen to the Prudential Insurance Company of America, which recites, among other things: *"In order to ever sell the farm for the loan you have we will have to build up the soil as it will not produce in this run down condition."* The letter contains other matters in reference to seeding down the farm to sweet clover and alfalfa, and requests of the insurance company a decision on the matters contained in the letter. No answer was received to this letter, except the commencement of the action to foreclose the mortgage.

On the 13th day of July, 1934, the court denied the appointment of a receiver as to the 1934 crops and profits of the premises involved, and appointed a receiver to take charge March 1, 1935, and it is from this order that the plaintiff has appealed.

The facts of the case bring it clearly within the rule laid down by this court in the case of First Trust Joint Stock Land Bank of Chicago v. Beall, 208 Iowa 1107, 225 N. W. 943, 945, wherein the court said:

"Under the situation in this case, the value of the real estate is only material as it affects the question of the extent of appellant's security. The appellant's interest in said real estate, under its mortgage, was only to the extent of the security which the real estate afforded for the payment of the appellant's note. The value of the real estate as such security—that is, the extent that the appellant can rely thereon for the satisfaction of its debt against the mortgagor—has now been definitely fixed and determined. *That* security has been fully exhausted in the manner prescribed by law. Appellant has foreclosed its mortgage upon said premises, and the same have been sold at execution sale. Thereby the real estate, as security for the appellant's debt, has been entirely exhausted. There still remains a balance due upon the appellant's debt. The rents and profits arising from said real estate were also pledged in the mortgage as security for the said debt. * * * where the hearing

on the application for the appointment of a receiver is made *before* the sale of the real estate and before there is any definite determination of the value of that portion of the security. * * * the court must determine the necessity of resorting to the rents and profits from evidence as to the * * * value of the real estate security. * * * But such is not the situation in the instant case. It is now definitely fixed and determined that the total amount that may be realized out of the real estate security and applied upon the appellant's debt is $22,000. Whether the appellant or a stranger was the purchaser at the execution sale can make no legal difference in the effect. * * * We know of no way by which it could be more definitely and certainly determined how much the real estate security could produce to the satisfaction of the appellant's claim than by the legal process of subjecting the same to the satisfaction of said claim by foreclosure proceedings and execution sale. This is the one method provided by law by which the appellant could have recourse to said security to satisfy his claim. This method he has pursued, and he has exhausted said security. If he is in position to do so, he has a legal right to resort to the other security pledged by the mortgage, to wit, the rents and profits, to obtain the balance due him. This was the contract between the parties."

It will thus be seen that this court is definitely committed to the principle that where the contract pledges the rents and profits as a part of the security, and provides for the appointment of a receiver, and after sale on special execution a deficiency remains unsatisfied, that the mortgagee is entitled to resort to the rents and profits for the payment of such deficiency, and the record in this case brings it squarely within the prior holdings of this court. See, also, Prudential Ins. Co. v. Puckett, 216 Iowa 406, 249 N. W. 142; First Trust Joint Stock Land Bank v. Jansen, 217 Iowa 439, 251 N. W. 711. And while the evidence shows that the plaintiff placed a valuation on this farm of $10,000 in October, 1932, at the time they accepted the note and mortgage from the defendant Strong, it also shows that H. H. Petersen, the husband of the defendant E. A. Petersen, was paid a liberal commission for making the sale, and it does not appear how much Mrs. Petersen paid the defendant Strong for the property.

It also appears from the letter which H. H. Petersen wrote to the company in November, 1933, which was introduced in evidence by the appellee, Mrs. Petersen, that the farm in its then condition

could not be sold for the amount of the debt against it, and we fail to discern any reason under the facts in this case for not applying the rule announced in the case first above cited. The appointment of a receiver to take charge of the premises beginning March 1, 1935, would avail the plaintiff nothing in the way of rents and profits, as the year of redemption would expire before any of the crops for 1935 would mature.

As stated by this court in Parry v. West, 197 N. W. 297, we are reluctant to interfere with an order of the trial court in a matter of this character which rests so largely within the sound legal discretion of the court. Yet where the mortgage pledges the rents and profits as security for the debt and makes ample provision for the appointment of a receiver, and it is demonstrated in the most positive way by execution sale that the real estate primarily pledged as security for the debt is inadequate and that there still remains a deficiency of $500 on which a general execution was issued against the defendant personally liable thereon, which was returned unsatisfied, under such circumstances we can see no legal justification on the part of the trial court in refusing to permit the judgment creditor to resort to the rents and profits secondarily pledged as security for the debt.

The complaint of appellee that it is unconscionable under present economic conditions for plaintiff to take advantage of the acceleration clause contained in its mortgage within so short a time after default in payment of taxes in the small sum of $76.84, if available at all, comes too late after judgment is entered.

We can see no escape from the conclusion that the lower court abused its discretion in denying the appellant's request for a receiver to collect the rents and profits for the year 1934, and as to that portion of the order the same is reversed and the cause remanded, with instructions to enter an order for the appointment of a receiver to collect the rents and profits for the year 1934, in accordance with the findings of this court.—Reversed and remanded.

ANDERSON, C. J., and ALBERT, MITCHELL, KINTZINGER, DONEGAN, POWERS, and PARSONS, JJ., concur.