M. L. SUTTON, Receiver appointed in case entitled "First Trust Joint Stock Land Bank of Chicago, a corporation, v. Agnes Murphy et al., No. 7643", Appellant, v. J. P. SCHNACK, Appellee.

No. 44034.

252

NOVEMBER 16, 1937.

PETITION FOR REHEARING DISMISSED FEBRUARY 21, 1938.

Schoenthaler & Lee, for appellant.

E. C. Halbach, for appellee.

STIGER, J.—On July 24, 1935, the First Trust Joint Stock Land Bank of Chicago filed its petition to foreclose a real estate mortgage given by Agnes Murphy and others. The mortgage contained a receivership clause. This petition affecting real estate was duly indexed by the clerk of the district court in compliance with the *lis pendens* statute section 11092. A decree of foreclosure was entered May 28, 1936, appointing M. L. Sutton receiver, who was authorized and directed to take immediate possession of the real estate and collect the rents and profits. There was a deficiency judgment of $2,550. The owners, mortgagors, had leased the premises for three years, the term beginning March 1, 1934, and ending March 1, 1937. A part of the landlords' share of the 1935 rent consisted of 2,100 bushels of corn which had been set apart for them by the tenant. The corn is the subject matter of this action. On December 26, 1935, which date was about five months after the mortgagee had filed its petition in the foreclosure suit, the mortgagors sold their said corn to the defendant J. P. Schnack without the knowledge or consent of the mortgagee.

On October 12, 1936, the plaintiff as receiver brought this action against the defendant for conversion of the corn. The petition embodied the above statement of facts, and alleged the plaintiff had a lien on the corn at the time of the sale. The real estate mortgage and decree entered in the foreclosure suit were made a part of the petition.

The defendant interposed the following demurrer to the petition:

"A. That said Petition, as amended, shows that Plaintiff is not entitled to recover in conversion for the value of the crops referred to therein.

"B. That if the corn was taken at the time and circumstances alleged, it was the property of the lessors and not the mortgagee.

"C. That the Plaintiff has not pursued the proper remedy.

"D. That, if anything, the Plaintiff had a mere right to demand the crops, but had no lien on said crops at the time of the said alleged conversion, and of which the Defendant had knowledge or notice.

"E. The petition, as amended, shows that the crops were the property of lessors, Agnes Murphy and Ellen Mooney, and not the property of the First Trust Joint Stock Land Bank of Chicago.

"F. The Petition, as amended, shows that if said crops were converted by Defendant, they were taken prior to entry of Decree of Foreclosure, and prior to time of the appointment of Plaintiff, as Receiver, and at the time of said appointment of the Receiver, the claim for said crops, if any, was a chose in action, and not property upon which there was a lien of which this Plaintiff could take advantage, or property which this Plaintiff could claim or demand.

"G. That there is no proper foundation laid for the maintenance of this action, nor has the lienholder on said crops pursued proper remedy for Plaintiff to recover in this action."

The defendant filed an amendment to the demurrer alleging that plaintiff's cause of action was barred by the statute of limitations because the petition alleged a conversion of the crops for the 1935 season and the action was not commenced for more than six months after the expiration of the term on March 1, 1936.

The trial court overruled the amendment to the demurrer but sustained the original demurrer to the petition.

■■■ The real estate mortgage contained a pledge of the rents and profits as security for the debt and a provision for the appointment of a receiver, so the mortgagee had a lien on the 1935 rents from July 24, 1935, the date of filing the petition which prayed for the appointment of a receiver, and the appointment of the receiver on May 28, 1936, related back to the date of the filing of the petition. Greenleaf v. Bates et al., 223 Iowa 274, 271 N. W. 614.

■■■ Code Section 11092 provides that when a petition affecting real estate is filed, the clerk of the district court shall forthwith index the same in an index book. Code Section 11093 reads as follows:

"11093. Lis pendens. When so indexed said action shall

be considered pending so as to charge all third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's rights."

Notice of the pendency of the foreclosure action was imparted to the defendant by the filing of the petition July 24, 1935.

The remedial provisions of the mortgage were a part of the "subject matter" of the action and as stated in the case of First Trust Joint Stock Land Bank v. Jansen, 217 Iowa 439 at page 445, 251 N. W. 711, 714:

"Plaintiff's action did affect real estate. And the receivership provisions of its mortgage also affected real estate, in that it involved the right of possession, and the right to the collection and appropriation of the rents and profits pending the foreclosure and during the period of redemption."

When the defendant purchased the corn in December, 1935, it was subject to the lien of the mortgagee and he had constructive notice of the pendency of the action and the claims of the mortgagee. Knowing of the pendency of the action, he is charged with knowledge of the lien on the corn which became effective on the filing of the petition which prayed for the appointment of a receiver. Union Savings Bank v. Carter, 214 Iowa 1131, 243 N. W. 523; First Trust Joint Stock Land Bank v. Jansen, 217 Iowa 439, 251 N. W. 711.

It follows that the demurrer should not have been sustained as to grounds B, D, and E, which allege in substance that the corn was the property of the lessors and not the mortgagee and that plaintiff as receiver had no lien on the crops at the time of the conversion and the defendant had no knowledge or notice of a lien.

To sustain the ruling of the trial court, on the remaining grounds of the demurrer, A, C, F, and G, the appellee resorts to certain provisions in the foreclosure decree.

Before referring to the provisions of the decree relied on by appellee, we will set out certain recitals in the mortgage and the decree. The mortgage provided that:

"It is further agreed that the rents and profits of said real estate are hereby pledged as security for the payment of

said debt; and that in case of foreclosing of this mortgage for any cause, the holder of the same shall be entitled to have a receiver appointed to take possession of said property *pending foreclosure, sale and redemption,* and to collect the rents of said real estate, and apply the same to the payment of said debt and interest and costs of suit.''

The decree declared that the judgment was a lien on the rents and profits from and after July 24, 1935, and further decreed that the receiver ''be and he is hereby authorized, empowered and directed to at once take possession of said above described real estate and collect the rents and profits of said real estate, and apply the funds so collected to the payment of any necessary repairs, taxes and insurance on said above described premises, during the period of redemption.''

Appellee calls special attention to the following provision of the decree:

''That said mortgage be, and the same is hereby foreclosed as against all of said defendants, and any one claiming by, through or under them, or any one or more of them, and against said above described premises and as a chattel mortgage against the rents and profits and crops grown thereon from the 24th day of July, 1935.''

It is further ordered that the receiver ''be and he is hereby authorized, empowered and directed to at once take possession of said above described real estate, and collect the rents and profits of said real estate and apply the funds so collected to the payment of any necessary repairs, taxes and insurance on said above described premises, *during the period of redemption.*''

The extent of a receiver's authority is to be measured by the order of appointment, the powers that may be reasonably inferred therefrom and subsequent directions of the court. Savings Bank v. Fanning Ball-Bearing Chain Co., 118 Iowa 698, 92 N. W. 712.

Appellee construes the recital in the decree that the mortgage be and the same is hereby foreclosed ''as a chattel mortgage against the rents, profits and crops grown thereon from the 24th day of July, 1935'' as holding that the mortgagee had a chattel mortgage lien on the 1935 crops (which included the corn in question) and that the chattel mortgage was foreclosed

in the foreclosure action. The appellee in his argument on this issue states:

"The record (decree) shows that the crops of 1935 were subject to a chattel mortgage lien and ordered foreclosed in favor of the mortgagee bank and were not any longer 'rents and profits' at the time of the appointment of the appellant as receiver. The only person who could enforce the foreclosure of the chattel mortgage was the mortgagee by having the Sheriff levy on said corn. If the corn had already been removed or converted, the mortgagee had a right to maintain an action for replevin. The appellant in being appointed, was not, in any reasonable construction of the Decree, authorized and empowered to do anything other than to collect the rents and profits during the period of redemption which did not include the grains grown during the year 1935 because they were specifically foreclosed as a chattel mortgage, and appellant was authorized to collect rents and profits only from May 28, 1936, and during the period of redemption."

Appellee attempts to reinforce his position that the appellant receiver had no jurisdiction or authority over the 1935 rents and profits because the decree determined that the mortgage was foreclosed as a chattel mortgage against the 1935 crops, rents and profits, by stressing the statement in the decree that the receiver "is hereby authorized to at once take possession of the real estate and collect the rents and profits of said real estate and apply the funds * * * *during the period of redemption.*" Appellee claims this statement also shows that the decree did not give the receiver authority over the rents prior to the period of redemption which began about the middle of the year 1936.

It is true that there are ambiguous and somewhat conflicting statements in the decree. The decree must be construed in its entirety and if its meaning is obscure or ambiguous, resort may be had to the pleadings and other proceedings in the case in order to determine its meaning. 21 C. J. 689; McCullough v. Connelly, 137 Iowa 682, 114 N. W. 301, 15 L. R. A. (N. S.) 823; Hargrave v. City of Keokuk, 208 Iowa 559, 223 N. W. 274. In construing the decree, the intention of the court must be determined.

The mortgagee in its petition for the foreclosure of the mortgage did not allege that it had a chattel mortgage nor did

the petition ask for the foreclosure of a chattel mortgage. It prayed for the appointment of a receiver. The mortgage pledged the rents and profits of the real estate as additional security and provided that a receiver be appointed "to take possession of said property *pending foreclosure, sale and redemption.*" The decree declared the judgment to be a lien on the rents and profits from and after July 24, 1935, the date of the filing of the petition. If the real estate mortgage was also a chattel mortgage on the rents and profits, the mortgagee would have been entitled to a lien from the date of the execution of the mortgage.

The decree entered May 28, 1936, ordered that the receiver at once take possession of the real estate and collect the rents and profits. The appointment of the appellant as receiver took effect on July 24, 1935, the date of the filing of the petition, and at the time of the sale of the corn to the defendant by the mortgagors in December, 1935, the appellant was entitled to the possession of said corn and it was subject to the mortgagee's lien.

If we would adopt the appellee's contention that the court intended to hold that the mortgagee had a chattel mortgage on the corn, and it was foreclosed in the foreclosure action; that the corn therefore had lost its character as "rent"; that the mortgagee was the proper party to foreclose the chattel mortgage; that the receiver had no jurisdiction over the corn because it was not "rent"; that the court intended to give authority to the receiver to collect only the rents accruing during the period of redemption, we would find that the court intended to enter a decree that was not justified by the pleadings and in violation of the express terms of the mortgage.

The appointment of a receiver, the impounding of the rents and the declaration that the judgment was a lien on the rents and profits from and after July 24, 1935, show that the court intended to, and we hold did render a decree (which was a default decree) in harmony with the receivership clause in the mortgage which provided for the appointment of a receiver to take possession of the property pending foreclosure, sale and redemption and to collect the rents of said real estate, and consistent with the cause of action alleged in the petition in foreclosure. These provisions of the decree prove to our satisfaction that the court did not attempt to adjudicate that the mortgagee

through his real estate mortgage had a chattel mortgage on the corn which was foreclosed in the proceeding, and that the court did not intend to restrict the receiver to jurisdiction over the rents accruing during the period of redemption. There was no provision in the decree for sale of the corn or other rents under a chattel mortgage foreclosure.

We cannot agree with the contention of the appellee that the provision in the decree that the receiver "is authorized, empowered and directed to at once take possession of said above described real estate, and collect the rents and profits of said real estate, and apply the funds so collected to the payment of any necessary repairs, taxes and insurance on said above described premises *during the period of redemption,* and apply the balance, if any, toward the liquidation of any deficiency judgment that may remain after sale of said real estate under special execution" conclusively shows an intention to limit the receiver to jurisdiction over the rents during the period of redemption.

The decree speaks from its date, May 28, 1936. It requires the receiver to *at once* take possession of the real estate and collect the rents and profits. The appointment relates back to the time of the filing of the petition for the foreclosure of the mortgage. The words "during the period of redemption" cannot be permitted to prevail over the clearly expressed intention of the court. The words "during the period of redemption" may reasonably be construed as referring only to the *application of the funds collected,* for it could not be determined until the sale on special execution whether or not there would be a deficiency judgment. If the judgment were satisfied by the sale on special execution, the receivership would then be terminated and the funds applied in a different manner than provided for in the decree.

■■■ The appellee further claims that this action is barred by the statute of limitations (Code, §10262) because it was not commenced until more than six months after the expiration of the term of the lease.

Appellee states that the corn was grown during the year 1935; that the lease expired March 1, 1936, and the action was brought in October, 1936, more than six months after the expiration of the term; that in any event the foreclosure worked an eviction of the tenant.

The trial court was right in overruling this ground of the demurrer. The lease did not expire March 1, 1936. The lease was from March 1, 1934, to March 1, 1937. The bringing of the foreclosure suit did not evict the tenant. If the tenant was evicted, it was by the decree entered May 28, 1936, and the three year lease would not be terminated until the date of the decree. Although the record shows the petition in the action was filed October 12, 1936, which date is less than six months from the date of eviction of the tenant, the face of the petition does not disclose when this action was commenced by service of the original notice.

■■■ There is a further reason why this ground of the demurrer cannot be sustained. This is not an action by a landlord against a purchaser from his tenant of crops on which the landlord has a lien for rent. Such an action must be commenced within six months after the expiration of the term. Andrew v. Marshalltown State Bank, 208 Iowa 1184, 1188, 225 N. W. 957. The defendant did not purchase the corn from a tenant, he purchased it from the landlord, Agnes Murphy, a mortgagor, at which time the corn was subject not to a landlord's lien, but to the contract lien given by the mortgage of which he had notice. Hence, the limitation imposed by Code §10262 has no application here.

■■■ Because of our construction of the decree, we are compelled to hold that the plaintiff, who had the right of possession of the corn at the time of the conversion, is the proper person to bring this action; that the petition sets forth a cause of action against the defendant, and the trial court erred in sustaining the demurrer.—Reversed.

PARSONS, KINTZINGER, ANDERSON, and SAGER, JJ., concur.