The FEDERAL LAND BANK OF OMAHA, Plaintiff–Appellee,

v.

Gordon L. HAWORTH and Mary M. Haworth, husband and wife, and Poweshiek County National Bank, Defendants–Appellants.

No. 86–281.

Court of Appeals of Iowa.

Aug. 26, 1987.

Barry N. Minear of Swift, Minear & Hansen, Des Moines, for defendants-appellants.

Eugene Knopf of Diehl, Clayton, Cleverley, Knopf & Williams, Newton, for plaintiff-appellee.

DONIELSON, Judge.

The defendants, Gordon and Mary Haworth, appeal from a district court order authorizing an appointment of a receiver in a foreclosure action against the defendants. The defendants assert that the appointment of a receiver is inconsistent with the debtor's right to possession of the foreclosed property during the redemption period under Iowa Code section 628.3 (1985). We affirm.

The defendants mortgaged two separate parcels of real estate in Poweshiek County on January 11, 1978, and on March 14, 1978. The mortgages, though containing different real estate descriptions and mortgage terms, also contained the following language:

> Gordon L. Haworth and Mary M. Haworth, husband and wife, ... mortgage and convey to the Federal Land Bank of Omaha ... containing 105 acres, more or less, together with all of the right, title and interest (now or hereafter acquired) of the mortgagors in said property, including ... the rents, issues, crops, and profits arising from said lands....

The mortgages also contain the following provisions:

> 8. That in the event action is brought to foreclose this mortgage, the mortgagee shall be entitled to immediate possession of the mortgaged premises with the usual powers of receivers in like cases.

The defendants subsequently defaulted on their mortgages, and on September 5, 1985, the Federal Land Bank of Omaha instituted foreclosure proceedings against the defendants. Summary judgments were obtained in the foreclosure. The two parcels of real estate were sold at a sheriff's sale, the Federal Land Bank purchasing the properties at a price less than the judgments.

On January 15, 1986, the Federal Land Bank applied for an appointment of a receiver. The defendants filed a resistance on January 21, 1986. On January 24, 1986, a hearing was held. Because there was apparently no factual dispute that the mortgages provided for a receiver, the real estate had been sold at a price less than judgment, and the price of the real estate was declining, no evidence was taken at the hearing, but arguments from both parties' counsel were heard on the legal propriety of appointing a receiver. On February 27, 1986, an order was signed by the trial court

appointing a receiver, and on March 5, 1986, the order was entered of record.

Our scope of review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, but we are not bound by them. Iowa R.App.P. 14(f)(7).

The defendants specifically contend that under Iowa Code section 628.3 (1985), a receiver should not have been appointed in the present case since the appointment of a receiver is inconsistent with a debtor's entitlement to possession during the redemption period provided for in section 628.3. The defendants further argue that the provisions for a receiver as contained in the mortgage contracts contravene public policy. We disagree.

While we have found no Iowa cases which have addressed the question of whether the appointment of a receiver is inconsistent with section 628.3, a number of Iowa cases have considered the question of when, pursuant to the terms of a particular mortgage, the appointment of a receiver is proper. In *First Trust Joint Stock Land Bank v. Jansen*, 217 Iowa 439, 251 N.W. 711 (1933), the Iowa Supreme Court was faced with a set of facts quite similar to the present case. The bank in *Jansen* held a mortgage on the defendant's real estate for $38,000. 217 Iowa at 440, 251 N.W. at 712. The defendants defaulted in their installment payments, and the plaintiff bank instituted foreclosure proceedings and asked for appointment of a receiver. *Id.* at 441, 251 N.W. at 712–13. The mortgage pledged the rents and profits and right to possession of the mortgage premises pending foreclosure and also provided for the appointment of a receiver to take possession and to collect the rents and profits pending the foreclosure sale and the period of redemption. *Id.* The trial court found that the plaintiff's mortgage was in default, the security was inadequate, and that the premises were not worth over $35,-000.00, though the total indebtedness was in excess of $40,000.00. *Id.* at 442, 251 N.W. at 712. The Iowa Supreme Court held that under such circumstances where the mortgage pledges the rents and profits and provides for the appointment of a re-ceiver and proof shows that the security is inadequate, a receiver should be appointed. *Id.*

In *Des Moines Joint Stock Land Bank v. Allen*, 220 Iowa 448, 261 N.W. 912 (1935), the plaintiff bank requested an appointment of a receiver to collect the rents and profits during the period of redemption. The trial court denied the appointment of a receiver. 220 Iowa at 452, 261 N.W. at 915. In holding that the plaintiff bank was entitled to a receiver, the *Allen* court noted that "[i]t is a well-settled rule of law in this state that a receiver will not be appointed in a foreclosure proceeding, in the absence of a showing of equitable grounds therefor." *Id.* at 458, 261 N.W. at 918. The court, however, also opined that "[i]t is likewise the rule that a receiver *will* be appointed (the mortgage so providing) where such a showing is made, because the mortgagee has a lien on such rents and profits against the mortgagor...." *Id.* The court found that the value of the land was not worth more than $100.00. From this finding, the *Allen* court held:

> The judgment entered against the defendant Allen, was $24,800. If the land in question was not worth more than $100 an acre it would not be sufficient security for the balance due on the judgment. It is our conclusion from the testimony of values offered that the total value of the land at that time was not over $100 an acre. *It necessarily follows that plaintiff was entitled to the appointment of a receiver for the collection of rents and profits during the period of redemption.* (emphasis added) *Id.*

More recently, in *Federal Land Bank of Omaha v. Heeren*, 398 N.W.2d 839 (Iowa 1987), the Iowa Supreme Court was presented the question of whether a receiver had substantially complied with the provision of Iowa Code section 654.14 (1985), requiring a lease preference to the debtor. Initially, however, the *Heeren* court commented on the propriety of the appointment of a receiver under the record of that case. The court noted that under the provisions of the mortgage, the Federal Land Bank

was entitled to immediate possession of the foreclosed property. 398 N.W.2d at 841. Additionally, the trial court had ordered that the receiver collect rents and profits, though under the terms of the mortgage the rents and profits were not pledged as security for the note. *Id.* The *Heeren* court noted that pursuant to Iowa Code section 628.3, the debtor was to remain in the possession of the foreclosed property during the one-year redemption period, but commented that because Heeren failed to object to the appointment of a receiver on this ground and also failed to object to the order permitting the collection of rents and profits, any challenge to these issues was waived. *Id.*

■ From the foregoing analysis, it is clear that under Iowa law a court may order the appointment of a receiver to collect the rents and profits during the statutory one-year redemption period provided for in section 628.3, provided the mortgage clearly pledges the rents and profits on the mortgaged property as security. It is equally clear, however, taking into consideration the Iowa Supreme Court's comments in *Heeren*, that section 628.3 prohibits a receiver from taking possession of the land. We therefore conclude that while it is appropriate for a receiver to collect rents and profits from the foreclosed property to satisfy a deficiency following a sheriff's sale of the foreclosed property, a receiver may not take possession of the property during the one-year redemption period under Iowa Code section 628.3.

■ Applying the above analysis to the facts of the present case, we initially note that the amount of the summary judgments in the present case were in the amount of $123,978.79 and $112,511.23. Under the sheriff's sale, however, the two parcels of land brought $75,600.00 and $78,275.00. Because of this deficiency, the trial court was correct in appointing a receiver for the collection of rent and profits since the mortgages clearly pledged the rents and profits and provided for the appointment of a receiver in the event of foreclosure. The appointment of a receiver in the present case, however, in no way interfered with the defendant's right to possession of the property under section 628.3. Unlike the court in *Heeren*, the trial court in the present case did not authorize the receiver to take possession. We therefore hold that the trial court was correct in appointing a receiver.

AFFIRMED.

All Judges concur, except SACKETT, J., who specially concurs.

SACKETT, Judge (specially concurring).

I concur with the result reached by the majority but cannot concur with their reasoning because:

1. The majority has construed *Federal Land Bank of Omaha v. Heeren*, 398 N.W.2d 839 (Iowa 1987) as holding that Iowa Code § 628.3 (1987) prohibits a receiver from taking possession of land. I fail to find *Heeren* so holds. In *Heeren* the court clearly states the mortgagors failed to object to the appointment of a receiver on the ground of possession under § 628.3 *or* the fact the mortgage did not pledge rents and profits consequently. *Id.* at 841–42. Therefore, the issue of a receiver taking possession contrary to § 628.3 was neither addressed or decided in *Heeren*.

2. The majority bases its holding on the premise that the debtor can have the possession while the receiver takes rents and profits. This holding is not consistent with current Iowa statutory and case law. Iowa Code § 680.4 (1987) defining powers of a receiver, provides:

> Subject to the *control* of the court, a receiver has power to bring and defend actions, *to take and keep possession of property,* to collect debts, to receive the rents and profits of real property, and, generally, to do such acts in respect to the property committed to the receiver as may be authorized by law or ordered by the court. (emphasis added).

In *American Investment Co. v. Farror*, 87 Iowa 437, 441, 54 N.W. 361, 363 (1893), the Iowa court said:

> But *the right of possession carries with it the right to use the mortgaged premises, to lease them, and to control the*

*revenue which shall be derived therefrom.* (emphasis added).

Therefore the right of possession and the right to rents and profit are not separate rights.

I agree with the result reached by the majority because I find by virtue of the language of the mortgage, defendant gave plaintiff a lien on their right to possession under § 628.3 when they gave plaintiff the right to immediate possession and to the appointment of a receiver. *See American Investment Co.*, 87 Iowa at 441, 54 N.W. at 363.

Defendants do not deny they gave the right to immediate possession and the right to rents and profits. Rather, they contend their agreement should not be enforced because to do so is contrary to public policy.

In *Farmers Trust & Savings Bank v. Manning*, 359 N.W.2d 461, 463 (Iowa 1984), the Iowa court determined the right to redeem is statutory and not constitutional. There is nothing in the law which forbids the disposition of redemption or possession rights. These rights can be disposed of separately. *See.Hartman Manufacturing Co. v. Luse*, 131 Iowa 492, 96 N.W. 972 (1903).

Having determined defendants gave plaintiff a lien on their § 628.3 possession rights and the other requirement for the appointment of a receiver having been met, I would affirm the trial court.