METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v. JAMES D. ANDREWS et al., Appellees.

No. 41714.

MARCH 14, 1933.

Burt J. Thompson and Dudley Weible, and Tinley, Mitchell, Ross & Mitchell, for appellant.

Shumway & Kelly, for appellees.

KINTZINGER, J.—On September 3, 1931, plaintiff, as the owner and holder of a note and mortgage of $31,000 against the real estate in question, commenced an action thereon for judgment, decree of foreclosure, and receivership to collect rents. A judgment for the full amount and decree of foreclosure was entered and the property ordered sold. The property sold for $2,500 less than the amount due, leaving a deficiency judgment of $2,500 against James D. Andrews and Olive R. Andrews, makers of the note and mortgage.

The mortgage contained a receivership clause, and pledged the rents and profits of the real estate for the payment of the principal amount.

In the petition of foreclosure, plaintiff asked for a lien against the rents and profits and for the appointment of a receiver to take possession and collect the same.

The note and mortgage were executed and duly recorded as a real estate mortgage in the latter part of 1926, but not as a chattel mortgage.

In 1928, and prior to the commencement of the foreclosure proceedings, the defendants, James D. Andrews and his wife, leased the property in question to their son, Dean Andrews, who was unmarried and lived with his parents on the property in question, both before and after the acquiring of the lease.

The lessee, in consideration of said lease, agreed in writing to maintain his parents in comfort during the remainder of their lives,

furnish them a home, and pay them, in addition, such additional sums of money *as they might request.*

I. The lessee Dean Andrews claimed the right to possession. The plaintiff contended there was no lease, and claimed it was entitled to the appointment of a receiver to take possession of the real estate. The difficulty with plaintiff's contention is that in its petition it not only conceded, but claimed, that the son was in possession under a lease. The defendant Dean Andrews also claimed right to possession under his lease.

In view of these concessions by both parties, the plaintiff cannot be heard to say there was no lease, or that it had no notice of a tenancy on the part of said Dean Andrews.

The real estate was sold under foreclosure on November 25, 1931, and the period of redemption has now expired. Therefore, a receiver cannot now take possession. This part of the prayer of plaintiff's petition has now become moot, and therefore no possession can be ordered given to a receiver at this time.

II. Both parties claim that the defendant, Dean Andrews, was a tenant in possession under a lease. As the lease was executed before the commencement of foreclosure proceedings, the mortgagee would not be entitled to any of the rents paid prior to the commencement of this action. The law is well settled that the holder of a mortgage containing a pledge for rents and receivership has a lien on unpaid rents from the commencement of the proceedings, and is entitled to any rents still due and accruing thereafter. While the evidence does not show the exact amount of rents unpaid during that period because of the character of the consideration, it does show that the consideration or rents from the commencement of these proceedings until the expiration of the redemption period have not all been paid. The plaintiff would therefore be entitled to the appointment of a receiver for the collection of the value of such consideration, whatever it may be.

The order of the lower court, so far as it refused to order possession of the real estate in a receiver, is affirmed. That part of the order refusing the appointment of a receiver for the collection of rents due is reversed.

As the appointment of a receiver would involve unnecessary expense in additional litigation, it is hereby ordered that this case be remanded to the lower court, with leave to the plaintiff to prove

up the amount of unpaid rent due after the filing of the foreclosure and receivership proceedings to and including the year 1932.—Affirmed in part; reversed in part.

All Justices concur except EVANS, J., who dissents.