UNION CENTRAL LIFE INSURANCE COMPANY of Cincinnati, Appellee, v. ALONZO GOODE et al., Appellants; Warren County, Defendant, Appellee.

No. 43588.

NOVEMBER 17, 1936.

Percival & Wilkinson, for appellee, Union Central Life Insurance Company.

Watson & Watson and J. O. Watson, Jr., for appellants, Alonzo Goode, Ivah Goode, Leo Heller.

S. E. Prall, for appellee, Warren county, Iowa.

MITCHELL, J.—Union Central Life Insurance Company commenced this action to foreclose a mortgage executed by Alonzo Goode and Ivah Goode, husband and wife, upon the land described therein. It also joined as defendants Leo Heller and Warren county, alleging that they had or claimed to have some right, title, lien or interest in the real estate, adverse to the insurance company.

To the petition Leo Heller filed an answer in three paragraphs. The first set out as to the first fourteen paragraphs of insurance company's petition he had no knowledge or information and denied same; paragraph two denied that his claim was junior and inferior to the claim of the insurance company; and paragraph three alleged that on the 19th day of February, 1934, Alonzo Goode executed to him a written instrument, designated a "grant of possession", which is as follows:

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Alonzo Goode, in consideration of One Thousand Dollars ($1000.00) in hand paid by Leo Heller of Warren County, Iowa, do hereby sell, transfer and set over to the said Leo Heller, the right to the use, possession and occupancy and income from and after the 1st day of March, 1934, of the following described premises situated in Warren County, to-wit:

"The Southeast Quarter of the Northeast Quarter (SE¼-NE¼) of Section eight (8) and the Southwest Quarter of the Southeast Quarter (SW¼-SE¼) of Section nine (9) and the Southwest Quarter of Section nine (9) except the South twelve (12) acres thereof, all in Township Seventy-four (74) North, Range twenty-two (22), West of the 5th P. M. of Iowa.

"The grantee herein is to have the right to the full possession of said premises on and after the 1st day of March, 1934, and such right is to continue until all that I owe the grantee has been fully paid off and discharged."

That by reason of said "grant of possession" he was entitled to the possession of said premises until said debt was paid, and he was entitled to the rents and profits from said premises.

The insurance company filed a motion to strike the answer of Leo Heller, setting up the following reasons: (1) That it constituted no defense to plaintiff's application for a receiver; (2) that the mortgage pledged the rents and profits as part security for the indebtedness declared upon; (3) that the petition, asking for appointment of receiver, was filed January 7, 1935, and as the mortgage pledged the rents and profits, plaintiff had a lien superior to Leo Heller on the rents and profits of the real estate for the period commencing March 1, 1935.

The lower court sustained the motion, and Leo Heller has appealed to this court.

The first and important question with which we are confronted is: "What is this instrument marked 'grant of possession'?"

There does not appear in the books any instance that an instrument designated a "grant of possession" has ever been defined or construed. It is a new instrument to the law, brought about by the conditions that have prevailed in the past few years in the agricultural districts of the country—a child of the depression, that has not as yet been identified.

Is it a deed, a chattel mortgage, an assignment of the rents, or is it a lease? This of course depends upon the instrument itself. Stripping it of its name, and looking at it as a whole, the instrument shows that it is not a deed for it does not attempt to pass title. It is not a chattel mortgage because it gives more than a chattel mortgage does; the right to the occupancy of the premises is granted. It is not an assignment of the rents and income, for, again we find the instrument contains more than a mere assignment of the rents and income; it gives the grantee the right of possession or occupancy. It is more in the nature of a lease of the premises.

Bouvier's Law Dictionary (Rawle's Third Revision) p. 1887, defines a lease as follows:

"A species of contract for the possession and profits of lands and tenements either for life or a certain period of time, or during the pleasure of the parties.

"A conveyance by way of demise, always for a less term than the party conveying has in the premises."

Under Exhibit A, designated as a "grant of possession", Heller for a certain consideration, therein specified, received the right to the use, possession, occupancy and income for a specified time, to wit: until the amount due was paid and discharged. It is in the nature of a lease and comes clearly within the rule laid down in the case of Metropolitan Life Ins. Co. v. Andrews, 215 Iowa 1049, at page 1051, 247 N. W. 551, where, Justice Kintzinger, speaking for the court, said:

"Both parties claim that the defendant, Dean Andrews, was a tenant in possession under a lease. As the lease was executed before the commencement of foreclosure proceedings, the mortgagee would not be entitled to any of the rents paid prior to the commencement of this action. The law is well settled that the holder of a mortgage containing a pledge for rents and receivership has a lien on unpaid rents from the commencement of the proceedings, and is entitled to any rents still due and accruing thereafter."

In the case at bar, there being a pledge of the rents, the appellee was entitled to the appointment of a receiver and the receiver was entitled to collect the rents which became due after the commencement of the foreclosure proceedings.

It therefore follows that the lower court was right in sustaining the motion to strike, as the instrument pled in the answer was not a good defense.

Judgment and decree of the lower court must be, and it is hereby affirmed.—Affirmed.

PARSONS, C. J., and ALBERT, ANDERSON, and DONEGAN, JJ., concur.